| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James I. Stang (SBN 94435)<br>jstang@pszjlaw.com<br>Malhar S. Pagay (SBN 189289)<br>mpagay@pszjlaw.com<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California 90067<br>Tel: (310) 277-6910<br>Fax: (310) 201-0760 | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Lida N. Fitzpatrick

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| In re:<br><br>BARSTOW TOWING, INC. | CASE NO.: 24-11988-MH<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 09/10/2024<br>TIME: 11:00 am<br>COURTROOM: 301 |

**Movant**: Lida N. Fitzpatrick

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367      ☐ 1415 State Street, Santa Barbara, CA 93101

   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  _08/20/2024_

             PACHULSKI STANG ZIEHL & JONES LLP
             Printed name of law firm (if applicable)

             Malhar S. Pagay
             Printed name of individual Movant or attorney for Movant

             /s/Malhar S. Pagay
             Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                          **F 4001-1.RFS.NONBK.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Lida N. Fitzpatrick v. Barstow Towing, Inc., et al.

   b. *Docket number*: CIVBS2029064 / E082513

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Superior Court for the State of California, County of San Bernardino / California Court of Appeal, 4th Dist. Div. 2

   d. Causes of action or claims for relief (Claims):
   Negligence

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7  ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*)  04/15/2024  .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 3                          **F 4001-1.RFS.NONBK.MOTION**

f.  ☐  The bankruptcy case was filed in bad faith.

    (1)  ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2)  ☐  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3)  ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4)  ☐  The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☐  Other (*specify*):


5.  **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a.  ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c.  ☐  Other (*specify*):


6.  **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a.  ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b.  ☐  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d.  ☐  Other evidence (*specify*):


7.  ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☐  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5.  ☐  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6.  ☐  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7.  ☐  The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8.  ☒  Other relief requested.


Date:  08/20/2024

PACHULSKI STANG ZIEHL & JONES LLP
Printed name of law firm (*if applicable*)

 Malhar S. Pagay
Printed name of individual Movant or attorney for Movant



 /s/Malhar S. Pagay
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 5                          **F 4001-1.RFS.NONBK.MOTION**

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*)  P. Christopher Ardalan                                                      , declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

☐ I am the Movant.

☒ I am Movant's attorney of record in the Nonbankruptcy Action.

☐ I am employed by Movant as (*title and capacity*):

☐ Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

☒ Plaintiff

☐ Defendant

☐ Other (*specify):*

4.  The Nonbankruptcy Action is pending as:

a.  *Name of Nonbankruptcy Action*: Lida N. Fitzpatrick v. Barstow Towing, Inc., et al.

b.  *Docket number*:  CIVBS2029064 / E082513

c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
Superior Court for the State of California, County of San Bernardino / California Court of Appeal, 4th Dist. Div. 2

5.  **Procedural Status of Nonbankruptcy Action**:

a.  The Claims are:
Negligence

b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit  A    .

c.  The Nonbankruptcy Action was filed on *(date)*  12/16/2020   .

d.  Trial or hearing began/is scheduled to begin on (*date*)                 .

e.  The trial or hearing is estimated to require  N/A   days (*specify)*.

f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):
N/A

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.   Other defendants in the Nonbankruptcy Action are (*specify*):

Alicia Dawn Benavidez

6.   **Grounds for relief from stay:**

a.   ☒   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):


d.   ☐   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)   ☐   It is currently set for trial on (*date*) _____.

(2)   ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):


(3)   ☐   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☐   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)   ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)   ☐   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):


(3)   ☐   Multiple bankruptcy cases affecting the Property include:

(A)  Case name:
Case number:                              Chapter:
Date filed:              Date discharged:              Date dismissed:
Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:
    Case number:                     Chapter:
    Date filed:               Date discharged:           Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:
    Case number:                     Chapter:
    Date filed:               Date discharged:           Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☒ See attached continuation page for other facts justifying relief from stay.

7.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

    c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/20/2024 | P. Christopher Ardalan | |
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*In re Barstow Towing, Inc.* **(Bankr. C.D. Cal. 24-11988-MH)**

**Lida N. Fitzpatrick's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)**

**Declaration ¶ 6.f. Continuation Page**

On May 25, 2019, Lida Fitzpatrick ("Fitzpatrick") suffered serious injuries as a result of a motor vehicle collision caused by Alicia Dawn Benavidez ("Benavidez"), an employee of, and, at the time of the collision, acting within the course and scope of such employment by, debtor Barstow Towing, Inc. ("Barstow Towing" or the "Debtor"). At the time of the collision that was the subject matter of Benavidez Litigation, Barstow Towing was insured under an automobile insurance liability policy (numbered K2GP005767) (the "Policy"), issued by AmGUARD Insurance Company (the "Carrier").

On December 16, 2020, Fitzpatrick filed a complaint for damages against Benavidez and Barstow Towing in the Superior Court for the State of California for the County of San Bernardino, commencing Case No. CIVSB2029064 (the "Benavidez Litigation"). On July 24, 2023, the jury returned a verdict in favor of Fitzpatrick and against Benavidez and Barstow Towing in the amount of $11 million. The court subsequently entered judgment on July 31, 2023.

On August 21, 2023, Fitzpatrick served her Memorandum of Costs in the Benavidez Litigation in the amount of $3,269,777.32, increasing the judgment against Benavidez and Barstow Towing to $14,269,777.32, not including post-trial interest (the "Benavidez Litigation Claims").[1]

On May 3, 2024, Fitzpatrick and Benavidez entered into an Assignment Agreement, pursuant to which Benavidez transferred to Fitzpatrick all assignable claims Benavidez has or may acquire against Carrier (and related parties) arising from Carrier's failure to settle, investigate and/or indemnify Benavidez in connection with the Fitzpatrick Litigation (the "Benavidez Assigned Claims" and, together with the Benavidez Litigation Claims, the "Benavidez Insurance Claims").[2]

Although judgment has been entered in the Benavidez Litigation -- it is presently the subject of an appeal to the California Court of Appeal for the 4th District (Division 2) (the "Benavidez Appeal") -- no proceedings have been commenced in connection with the Benavidez Assigned Claims. Fitzpatrick has resolved both sets of Benavidez Insurance Claims with the Carrier, subject to documentation.

---

[1] True and correct copies of the Complaint, First Amended Complaint, Memorandum of Costs, Notice of Entry of Judgment and the dockets in the Benavidez Litigation and Benavidez Appeal are attached as **Exhibit "A"**.

[2] A true and correct copy of the Assignment Agreement is attached as **Exhibit "B"**.

**Motion ¶ 8. Continuation Page**

Through the Motion, Fitzpatrick requests that the Court enter its order (i) granting the Motion; (ii) granting Fitzpatrick relief from the automatic stay to participate in any proceedings (including defending and commencing any appeals) regarding the Benavidez Insurance Claims; (iii) granting Fitzpatrick relief from the automatic stay to liquidate, collect and receive proceeds of insurance from Carrier on account of the Benavidez Insurance Claims, including, without limitation, authorization for Fitzpatrick to commence proceedings in any court of competent jurisdiction to prosecute the Benavidez Assigned Claims if necessary, authorization for Fitzpatrick and the Carrier to engage in mediation, settlement and other discussions or proceedings regarding the Benavidez Insurance Claims, and to negotiate, resolve, settle and document a resolution between Fitzpatrick and Carrier and/or other third parties in connection with the Benavidez Insurance Claims; (iv) allowing Fitzpatrick to recover the Benavidez Insurance Claims from Carrier through the Policy, or from any other applicable insurance company or non-debtor third parties; (v) authorizing Carrier to resolve the Benavidez Insurance Claims and pay to Fitzpatrick the proceeds of insurance on account of such claims; and (vi) granting Fitzpatrick such other and further relief as may be appropriate under the circumstances. For the avoidance of doubt, Fitzpatrick may file a Proof of Claim in this bankruptcy case.

# EXHIBIT A

1 – Complaint
2 – First Amended Complaint
3 – Memorandum of Costs
4 – Notice of Entry of Judgment
5 – Docket:  California Superior Court proceeding
6 – Docket:  California Court of Appeals proceeding

**EXHIBIT A**

**COMPLAINT**

1   Peter M. Cho, Esq. SBN: 213870
2   Bobby Saadian, Esq. SBN: 250377
    WILSHIRE LAW FIRM
3   3055 Wilshire Blvd., 12th Floor
    Los Angeles, California 90010
4   Tel: (213) 381-9988
    Fax: (213) 381-9989
5   Lit@wilshirelawfirm.com

6   Attorneys for Plaintiff, LIDA N. FITZPATRICK

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 1 8 2021 2020 PM

BY _____
FELIX GARZA, DEPUTY

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    COUNTY OF SAN BERNARDINO

| | |
|---|---|
| 11  LIDA N. FITZPATRICK, an individual; | CASE NO.: CIV SB 2 0 9 0 6 4 |
| 12              Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| 13       vs. | **1. NEGLIGENCE** |
| 15  BARSTOW TOWING, INC., a corporation; ALICIA DAWN BENAVIDEZ, an individual; DOES 1 through 50, inclusive. | **2. NEGLIGENCE** *PER SE* |
| | **DEMAND FOR JURY TRIAL** |
| 17              Defendants. | FILE BY FAX PER CRC 2.303 |

21          COMES NOW Plaintiff LIDA N. FITZPATRICK, who respectfully alleges the

22   following:

23                        **GENERAL ASSERTIONS**

24          1.       This is an action for personal injury arising out of the actions of the

25   Defendants, which occurred on or about May 25, 2019 and which proximately caused

26   serious injury to Plaintiff.  The negligent acts and omissions of the Defendants as

27   herein alleged took place in or about the city of Barstow, in the County of San

28   Bernardino, State of California. Accordingly, venue within this judicial district is proper.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

2.     At all times relevant herein, Plaintiff LIDA N. FITZPATRICK was a resident of the City of Los Gatos, County of Santa Clara, State of California.

3.     Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant ALICIA DAWN BENAVIDEZ was an individual over the age of 18 and a resident of Barstow, County of San Bernardino, California.

4.     Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant herein, Defendant BARSTOW TOWING, INC. was a Company authorized to do business in, and doing business in, the City of Barstow, County of San Bernardino, State of California.

5.     The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474.  Plaintiff is informed and believes and thereon alleges that each of these Defendants fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named Defendants when the same has been ascertained.

6.     Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them and every

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

COMPLAINT FOR DAMAGES

Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

7.    Plaintiff is informed and believes, and based upon such information and belief alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents. In addition, at all times herein relevant, each defendant, whether named herein or designated as a DOE, was a principal, master, employer and joint venturer or every other defendant, and every defendant was acting within the scope of said agency authority, employment and joint venture.

8.    On or about May 25, 2019, Plaintiff LIDA N. FITZPATRICK was traveling northbound along Interstate-15, North of L Street.

9.    At the same time, Defendant ALICIA DAWN BENAVIDEZ was also traveling northbound along Interstate-15 behind the Plaintiff.  Defendant ALICIA DAWN BENAVIDEZ failed to exercise reasonable care in the use of Defendant's vehicle and drove the vehicle at a speed greater than reasonable under the circumstances. As a result, Defendant ALICIA DAWN BENAVIDEZ struck the Plaintiff's vehicle from behind, thereby causing significant injury to the Plaintiff.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## FIRST CAUSE OF ACTION

### Negligence

*[Against All Defendants]*

10.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions above and the Second Cause of Action.

11.    Plaintiff is informed and believes, and based upon such information and belief alleges that on the above date and time, Defendants ALICIA DAWN BENAVIDEZ and DOES 1 to 50, inclusive and each of them, failed to operate their vehicle in a safe or reasonable manner by rear-ending the Plaintiff's vehicle.

12.    Moreover, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants ALICIA DAWN BENAVIDEZ and DOES 1 to 50, inclusive and each of them, negligently failed to exercise due care preceding the subject collision, failed to maintain a reasonable following distance, operated their vehicle at a speed in excess of the reasonable speed under the circumstances, failed to perceive and/or take into consideration the other vehicles on the roadway, and were inattentive at the time of the collision. As a result of Defendant's failure to exercise reasonable care, the vehicle driven by Defendant collided with Plaintiff's vehicle causing injuries to Plaintiff and Plaintiff's property.

13.    Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant ALICIA DAWN BENAVIDEZ failed to properly check for the presence of other vehicles on the roadway and failed to operate the Defendant's vehicle at a reasonably safe speed based upon the condition of the roadway.  Further, Defendant ALICIA DAWN BENAVIDEZ knew, or in the exercise of reasonable care should have known, that failing to perform the above referenced tasks created an unreasonable risk of injury to the Plaintiff and others similarly situated.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

14.     Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant ALICIA DAWN BENAVIDEZ was operating the subject vehicle with the express or implied authority and permission of Defendant BARSTOW TOWING, INC.,  as an agent or employee of Defendant BARSTOW TOWING, INC., and within the course and scope of his agency or employment with Defendant BARSTOW TOWING, INC.. Further, Defendant BARSTOW TOWING, INC. knew or should have known that Defendant ALICIA DAWN BENAVIDEZ was unfit to operate the subject vehicle and was therefore negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant ALICIA DAWN BENAVIDEZ.

15.     As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants ALICIA DAWN BENAVIDEZ, BARSTOW TOWING, INC., and DOES 1 through 50, inclusive and each of them, Plaintiff suffered severe injuries and attendant damages.

16.     As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

17.     In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

a.  All past and future medical and incidental expenses;

b.  All past and future loss of earnings and earning capacity;

c.  All past and future non-economic damages;

d.  Loss or damage to tangible personal property; and

e.  Pre-trial and post-trial interest.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## SECOND CAUSE OF ACTION

### Negligence *Per Se*

### *[Against all Defendants]*

18.  Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs, inclusive, of the General Assertions and the First Cause of Action above.

19.  California Vehicle Code § 21703 is a statute enacted to protect, among others, motorists on California highways and streets from collisions arising from rear-end collisions. California Vehicle Code § 21703 states in pertinent part that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway."

20.  Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant ALICIA DAWN BENAVIDEZ, and DOES 1 through 50, inclusive, violated the provisions of Vehicle Code § 21703 by following the Plaintiff's vehicle too closely under the conditions and failing to maintain a safe following distance.

21.  Plaintiff is informed and believes, and based upon such information and belief alleges that the violation of California Vehicle Code § 21703 by Defendant ALICIA DAWN BENAVIDEZ was a substantial factor in causing the subject collision and the Plaintiff's injuries.

22.  California Vehicle Code § 22350 is a statute enacted to protect, among others, motorists on California highways from collisions arising from people driving and operating motor vehicles in excess of the posted speed limits and at speeds unreasonable under the conditions. California Vehicle Code § 22350 states in pertinent part: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

and the surface and width of, the highway, and in no event at a speed which

endangers the safety of persons or property."

23.    Plaintiff is informed and believes, and based upon such information and

belief alleges that Defendants ALICIA DAWN BENAVIDEZ and DOES 1 through 50,

inclusive and each of them, violated California Vehicle Code § 22350 by traveling too

fast for road conditions and striking the Plaintiff's vehicle.

24.    Plaintiff is informed and believes, and based upon such information and

belief alleges that the violation of California Vehicle Code § 22350 by Defendant

ALICIA DAWN BENAVIDEZ was a substantial factor in causing Plaintiff's injuries.

25.    Plaintiff is informed and believes, and based upon such information and

belief alleges that Defendant ALICIA DAWN BENAVIDEZ, was *per se* negligent for

driving in violation of, including but not limited to, California Vehicle Code §§ 21703,

and 22350, at the time of the aforementioned incident.

26.    Plaintiff is informed and believes, and based upon such information and

belief alleges that at all times herein mentioned the Plaintiff was a member of the class

of persons designed to be protected by the aforementioned vehicle code sections, that

the subject collision was within the class of risks for which the aforementioned vehicle

code sections was enacted to protect against, that Defendant ALICIA DAWN

BENAVIDEZ's violation of said vehicle code sections was inexcusable, and that the

violation of said vehicle codes was a direct, legal, and proximate cause of the injuries

and damages complained of herein.

27.    Further, Plaintiff is informed and believes, and based upon such

information and belief alleges that Defendant ALICIA DAWN BENAVIDEZ was

operating the subject vehicle with the express or implied authority and permission of

Defendant BARSTOW TOWING, INC.,  as an agent or employee of Defendant

BARSTOW TOWING, INC., and within the course and scope of his agency or

employment with Defendant BARSTOW TOWING, INC.. Further, Defendant

BARSTOW TOWING, INC. knew or should have known that Defendant ALICIA DAWN

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

7

BENAVIDEZ was unfit to operate the subject vehicle and was therefore negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant ALICIA DAWN BENAVIDEZ.

28.    As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendants ALICIA DAWN BENAVIDEZ, BARSTOW TOWING, INC., and DOES 1 through 50, inclusive and each of them, Plaintiff suffered severe injuries and attendant damages.

29.    As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

30.    In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

a.  All past and future medical and incidental expenses;

b.  All past and future loss of earnings and earning capacity;

c.  All past and future non-economic damages;

d.  Loss or damage to tangible personal property; and

e.  Pre-trial and post-trial interest.

///

///

///

///

///

///

///

///

COMPLAINT FOR DAMAGES

1        WHEREFORE, Plaintiff LIDA N. FITZPATRICK hereby prays for judgment

2   against all Defendants and each of them as follows:

3        1.      For repayment of all special damages incurred, including, but not limited

4   to all past and future wage loss, hospital and medical expenses.

5        2.      For all general damages according to proof.

6        3.      For all prejudgment interest as allowed by law.

7        4.      For costs of suit incurred herein.

8        5.      For such other and further relief as the Court deems just and proper.

9

10   DATED: December 15, 2020                          **WILSHIRE LAW FIRM**

11

12                                    By: _____

13                                         Peter M. Cho, Esq.
                                           Attorneys for Plaintiff
14

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

DATED: December 15, 2020                    **WILSHIRE LAW FIRM**

By: _____
      Peter M. Cho, Esq.
      Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**EXHIBIT A**

**FIRST AMENDED COMPLAINT**

ORIGINAL

BY FAX

Hazel S. Chang, Esq. SBN: 271840
Bobby Saadian, Esq. SBN: 250377
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989
Hazelsteam@wilshirelawfirm.com

Attorneys for Plaintiff, LIDA N. FITZPATRICK

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 7 2021

BY _____
NICOLE CARTWRIGHT, DEPUTY

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LIDA N. FITZPATRICK, an individual;<br><br>          Plaintiff,<br><br>vs.<br><br>BARSTOW TOWING, INC., a corporation;<br>ALICIA DAWN BENAVIDEZ, an<br>individual; DOES 1 through 50, inclusive.<br><br>          Defendants. | CASE NO.: CIVBS2029064<br><br>**PLAINTIFF'S FIRST AMENDED<br>COMPLAINT FOR DAMAGES:**<br><br>1.  **NEGLIGENCE** |

        COMES NOW Plaintiff LIDA N. FITZPATRICK, who respectfully alleges the

following:

### GENERAL ASSERTIONS

        1.      This is an action for personal injury arising out of the actions of the Defendants,

which occurred on or about May 25, 2019 and which proximately caused serious injury to

Plaintiff. The negligent acts and omissions of the Defendants as herein alleged took place in or

about the city of Barstow, in the County of San Bernardino, State of California. Accordingly,

venue within this judicial district is proper.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1    2.    At all times relevant herein, Plaintiff LIDA N. FITZPATRICK was a resident of

2    the City of Los Gatos, County of Santa Clara, State of California.

3    3.    Plaintiff is informed and believes, and based upon such information and belief

4    alleges that at all times relevant herein, Defendant ALICIA DAWN BENAVIDEZ was an

5    individual over the age of 18 and a resident of Barstow, County of San Bernardino, California.

6    4.    Plaintiff is informed and believes, and based upon such information and belief

7    alleges that at all times relevant herein, Defendant BARSTOW TOWING, INC. was a

8    Company authorized to do business in, and doing business in, the City of Barstow, County of

9    San Bernardino, State of California.

10    5.    The true names and/or capacities, whether individual, corporate, associate or

11    otherwise of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to

12    Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil

13    Procedure § 474.  Plaintiff is informed and believes and thereon alleges that each of these

14    Defendants fictitiously named herein as a DOE is legally responsible, negligent or in some

15    other actionable manner liable for the events and happenings hereinafter referred to, and

16    proximately and legally caused the injuries to Plaintiff as hereinafter alleged.  Plaintiff will

17    seek leave of the Court to amend this Complaint to insert the true names and/or capacities of

18    such fictitiously-named Defendants when the same has been ascertained.

19    6.    Plaintiff is informed and believes, and based upon such information and belief

20    alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the

21    owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and

22    in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its

23    authority and with the permission and consent of its co-Defendants, and each of them, and that

24    said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them

25    and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

26    and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

27    7.    Plaintiff is informed and believes, and based upon such information and belief

28    alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

2

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1  representative, employee or agent of each and every corporate or business defendant, were

2  authorized, ordered, and directed by the respective defendant's corporate or business

3  employers, officers, directors and/or managing agents; that in addition thereto, said corporate

4  or business employers, officers, directors and/or managing agents had advance knowledge of,

5  authorized, and participated in the herein described acts, conduct and nonfeasance of their

6  representatives, employees, agents and each of them; and that in addition thereto, upon the

7  completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the

8  aforesaid corporate and business employers, officers, directors and/or managing agents

9  respectively ratified, accepted the benefits of, condoned and approved of each and all of said

10  acts, conduct or nonfeasance of their co-employees, employers, and agents.  In addition, at all

11  times herein relevant, each defendant, whether named herein or designated as a DOE, was a

12  principal, master, employer and joint venturer or every other defendant, and every defendant

13  was acting within the scope of said agency authority, employment and joint venture.

14       8.     On or about May 25, 2019, Plaintiff LIDA N. FITZPATRICK was traveling

15  northbound along Interstate-15, North of L Street.

16       9.     At the same time, Defendant ALICIA DAWN BENAVIDEZ was also traveling

17  northbound along Interstate-15 behind the Plaintiff.  Defendant ALICIA DAWN BENAVIDEZ

18  failed to exercise reasonable care in the use of Defendant's vehicle and drove the vehicle at a

19  speed greater than reasonable under the circumstances. As a result, Defendant ALICIA DAWN

20  BENAVIDEZ struck the Plaintiff's vehicle from behind, thereby causing significant injury to

21  the Plaintiff.

22  <div align="center">**FIRST CAUSE OF ACTION**</div>

23  <div align="center">**Negligence**</div>

24  <div align="center">*[Against All Defendants]*</div>

25       10.    Plaintiff incorporates herein by reference, as though fully set forth at length,

26  each and every allegation and statement contained in the preceding and subsequent paragraphs,

27  inclusive, of the General Assertions above.

28  ///

<div align="center">**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**</div>

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

11.     Plaintiff is informed and believes, and based upon such information and belief alleges that on the above date and time, Defendants ALICIA DAWN BENAVIDEZ and DOES 1 to 50, inclusive and each of them, failed to operate their vehicle in a safe or reasonable manner by rear-ending Plaintiff's vehicle.

12.     Moreover, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants ALICIA DAWN BENAVIDEZ and DOES 1 to 50, inclusive and each of them, negligently failed to exercise due care preceding the subject collision, failed to maintain a reasonable following distance, operated their vehicle at a speed in excess of the reasonable speed under the circumstances, failed to perceive and/or take into consideration the other vehicles on the roadway, and were inattentive at the time of the collision. As a result of Defendants' failure to exercise reasonable care, the vehicle driven by Defendants collided with Plaintiff's vehicle causing injuries to Plaintiff and Plaintiff's property.

13.     Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant ALICIA DAWN BENAVIDEZ, and DOES 1 to 50, inclusive and each of them, failed to properly check for the presence of other vehicles on the roadway and failed to operate the Defendants' vehicle at a reasonably safe speed based upon the condition of the roadway.  Further, Defendant ALICIA DAWN BENAVIDEZ and DOES 1 to 50, inclusive and each of them, knew, or in the exercise of reasonable care should have known, that failing to perform the above referenced tasks created an unreasonable risk of injury to the Plaintiff and others similarly situated.

14.     Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant ALICIA DAWN BENAVIDEZ was operating the subject vehicle with the express or implied authority and permission of Defendant BARSTOW TOWING, INC.,  as an agent or employee of Defendant BARSTOW TOWING, INC., and within the course and scope of his agency or employment with Defendant BARSTOW TOWING, INC.. Further, Defendant BARSTOW TOWING, INC. knew or should have known that Defendant ALICIA DAWN BENAVIDEZ was unfit to operate the subject vehicle and was therefore

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1  negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant ALICIA

2  DAWN BENAVIDEZ.

3    15.   California Vehicle Code § 21703 is a statute enacted to protect, among others,

4  motorists on California highways and streets from collisions arising from rear-end collisions.

5  California Vehicle Code § 21703 states in pertinent part that "[t]he driver of a motor vehicle

6  shall not follow another vehicle more closely than is reasonable and prudent, having due regard

7  for the speed of such vehicle and the traffic upon, and the condition of, the roadway."

8    16.   Plaintiff is informed and believes, and based upon such information and belief

9  alleges that Defendant ALICIA DAWN BENAVIDEZ, and DOES 1 through 50, inclusive,

10  violated the provisions of Vehicle Code § 21703 by following the Plaintiff's vehicle too closely

11  under the conditions and failing to maintain a safe following distance.

12    17.   Plaintiff is informed and believes, and based upon such information and belief

13  alleges that the violation of California Vehicle Code § 21703 by Defendant ALICIA DAWN

14  BENAVIDEZ and DOES 1 to 50, inclusive and each of them, was a substantial factor in

15  causing the subject collision and the Plaintiff's injuries.

16    18.   California Vehicle Code § 22350 is a statute enacted to protect, among others,

17  motorists on California highways from collisions arising from people driving and operating

18  motor vehicles in excess of the posted speed limits and at speeds unreasonable under the

19  conditions. California Vehicle Code § 22350 states in pertinent part: "No person shall drive a

20  vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for

21  weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at

22  a speed which endangers the safety of persons or property."

23    19.   Plaintiff is informed and believes, and based upon such information and belief

24  alleges that Defendants ALICIA DAWN BENAVIDEZ and DOES 1 through 50, inclusive and

25  each of them, violated California Vehicle Code § 22350 by traveling too fast for road

26  conditions and striking the Plaintiff's vehicle.

27    20.   Plaintiff is informed and believes, and based upon such information and belief

28  alleges that the violation of California Vehicle Code § 22350 by Defendant ALICIA DAWN

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

5

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1    BENAVIDEZ and DOES 1 to 50, inclusive and each of them, were a substantial factor in

2    causing Plaintiff's injuries.

3        21.    Plaintiff is informed and believes, and based upon such information and belief

4    alleges that Defendant ALICIA DAWN BENAVIDEZ, and DOES 1 to 50, inclusive and each

5    of them, were *per se* negligent for driving in violation of, including but not limited to,

6    California Vehicle Code §§ 21703, and 22350, at the time of the aforementioned incident.

7        22.    Plaintiff is informed and believes, and based upon such information and belief

8    alleges that at all times herein mentioned the Plaintiff was a member of the class of persons

9    designed to be protected by the aforementioned vehicle code sections, that the subject collision

10    was within the class of risks for which the aforementioned vehicle code sections was enacted to

11    protect against, that Defendant ALICIA DAWN BENAVIDEZ's and DOES 1 to 50, inclusive

12    and each of them, violation of said vehicle code sections was inexcusable, and that the

13    violation of said vehicle codes was a direct, legal, and proximate cause of the injuries and

14    damages complained of herein.

15        23.    Further, Plaintiff is informed and believes, and based upon such information and

16    belief alleges that Defendant ALICIA DAWN BENAVIDEZ was operating the subject vehicle

17    with the express or implied authority and permission of Defendant BARSTOW TOWING,

18    INC., as an agent or employee of Defendant BARSTOW TOWING, INC., and within the

19    course and scope of his agency or employment with Defendant BARSTOW TOWING, INC..

20    Further, Defendant BARSTOW TOWING, INC. knew or should have known that Defendant

21    ALICIA DAWN BENAVIDEZ was unfit to operate the subject vehicle and was therefore

22    negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant ALICIA

23    DAWN BENAVIDEZ.

24        24.    As a direct, legal, and proximate result of the negligent acts and/or omissions of

25    Defendants ALICIA DAWN BENAVIDEZ, BARSTOW TOWING, INC., and DOES 1

26    through 50, inclusive and each of them, Plaintiff suffered severe injuries and attendant

27    damages.

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

6

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

25.     As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

26.     In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

    a.  All past and future medical and incidental expenses;

    b.  All past and future loss of earnings and earning capacity;

    c.  All past and future non-economic damages;

    d.  Loss or damage to tangible personal property; and

    e.  Pre-trial and post-trial interest.

WHEREFORE, Plaintiff LIDA N. FITZPATRICK hereby prays for judgment against all Defendants and each of them as follows:

1.     For repayment of all special damages incurred, including, but not limited to all past and future wage loss, hospital and medical expenses.

2.     For all general damages according to proof.

3.     For all prejudgment interest as allowed by law.

4.     For costs of suit incurred herein.

5.     For such other and further relief as the Court deems just and proper.


DATED: March 17, 2021                **WILSHIRE LAW FIRM**


By: _____
        Hazel S. Chang, Esq.
        Attorneys for Plaintiff

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## PROOF OF SERVICE BY MAIL

*Fitzpatrick v. & Barstow Towing, Inc., et al.*
*Case No. CIVBS2029064*

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

    I, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010.

    On March 17, 2021, I served the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties (a) as addressed and (b) by one of the methods of service set forth below:

| | |
|---|---|
| Elizabeth G. Sutlian-Mardikian, Esq.<br>Michael D. Mclean, Esq.<br>Adelson McLean APC<br>4100 Newport Place Dr., Suite 200<br>Newport Beach, CA 92660<br>Tel: 949.656.4601<br>Fax : 949.656.4223<br>Email: ERodriguez@AdelsonMcLean.com/<br>mmclean@adelsonmclean.com/<br>esutlianmardikian@adelsonmclean.com<br>Attorney for Defendant | Alisha Marie Benavidez<br>855 W. Seasonal Creek Ln.<br>Meridian, ID 83642<br>Tel: (951) 775-0596 |

( )   **BY MAIL:** I enclosed the above documents in a sealed envelope with postage thereon fully prepaid and placed for collection and mailing on the above date in accordance with ordinary business practices. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to Cal. Code Civ. Proc. § 1013(a).

( )   **BY FAX:** A copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Cal. Code Civ. Proc. § 1013(e).

( )   **BY PERSONAL SERVICE:** I hand-delivered or caused said document(s) to be hand delivered to the office of the addressee using an attorney service and/or messenger, pursuant to Cal. Code Civ. Proc. § 1011.

( )   **BY EXPRESS MAIL:** I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Cal. Code Civ. Proc. § 1013(c).

(X)   **BY ELECTRONIC MAIL (E-MAIL):** I caused said document(s) to be delivered electronically to the addressee(s) identified above with an e-mail address pursuant to Emergency Rule 12 of the California Rules of Court.

    I declare under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

    Executed on March 17, 2021, at Los Angeles, California.

_____
Carlos Roma

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

8

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

**EXHIBIT A**

**MEMORANDUM OF COSTS**

**ORIGINAL**

MC-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**     STATE BAR NUMBER:<br>NAME: Jonathan C. Teller, Esq. SBN: 280312; Christopher Ardalan, Esq. SBN: 210639<br>FIRM NAME: WILSHIRE LAW FIRM/ ARDALAN & ASSOCIATES, PLC<br>STREET ADDRESS: 3055 Wilshire Blvd., 12th Floor/ 3225 Old Conejo Road<br>CITY: Los Angeles /Thousand Oaks    STATE: CA    ZIP CODE: 90010 /91320<br>TELEPHONE NO.: (213) 381-9988 /(818) 702-2570    FAX NO.:<br>E-MAIL ADDRESS: Tellerteam@wilshirelawfirm.com / PCA@ardalanlaw.com<br>ATTORNEY FOR (name): LIDA N. FITZPATRICK | **FOR COURT USE ONLY**<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>AUG 2 1 2023<br><br>BY: Stephanie Peinagua, Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino<br>STREET ADDRESS: 247 Third Street, San Bernardino, CA 92415<br>MAILING ADDRESS: Same As Above<br>CITY AND ZIP CODE: San Bernardino, CA 92415<br>BRANCH NAME: San Bernardino Superior Court | |
| PLAINTIFF: LIDA N. FITZPATRICK, et al.<br>DEFENDANT: BARSTOW TOWING, INC., et al. | |
| **MEMORANDUM OF COSTS (SUMMARY)** | CASE NUMBER:<br>CIVSB2029064 |

**BY FAX**

**The following costs are requested:**

| | | TOTALS |
|---|---|---|
| 1. | Filing and motion fees | $ 5,587.67 |
| 2. | Jury fees | $ 3,718.08 |
| 3. | Jury food and lodging | $ 0 |
| 4. | Deposition costs | $ 125,408.10 |
| 5. | Service of process | $ 2,208.07 |
| 6. | Attachment expenses | $ 0 |
| 7. | Surety bond premiums | $ 0 |
| 8. | Witness fees | $ 476,351.77 |
| 9. | Court-ordered transcripts | $ 23,605.75 |
| 10. | Attorney fees *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required)* | $ 0 |
| 11. | Court reporter fees as established by statute | $ 0 |
| 12. | Models, enlargements, and photocopies of exhibits | $ 91,542.55 |
| 13. | Interpreter fees | $ 0 |
| 14. | Fees for electronic filing or service | $ 0 |
| 15. | Fees for hosting electronic documents | $ 0 |
| 16. | Other | $ 2,541,355.33 |
| | **TOTAL COSTS** | $ 3,269,777.32 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: Aug 18, 2023

Jonathan C. Teller, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

(Proof of service on reverse)

Page 1 of 2

Form Approved for Optional Use<br>
Judicial Council of California MC-010<br>
[Rev. September 1, 2017]

**MEMORANDUM OF COSTS (SUMMARY)**

Code of Civil Procedure,<br>
§§ 1032, 1033.5

MC-010

| SHORT TITLE | CASE NUMBER: |
|---|---|
| FITZPATRICK, et al. v. BARSTOW TOWING, INC., et al. | CIVSB2029064 |

## PROOF OF ☐ MAILING ☐ PERSONAL DELIVERY

1.  At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.

2.  My residence or business address is *(specify)*:

3.  I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:

    a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.

    (1) I enclosed a copy in an envelope AND

        (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

        (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

    (2) The envelope was addressed and mailed as follows:

        (a) Name of person served:

        (b) Address on envelope:

        (c) Date of mailing: _____

        (d) Place of mailing *(city and state)*:

    b. ☐ **Personal delivery.** I personally delivered a copy as follows:

    (1) Name of person served:

    (2) Address where delivered:

    (3) Date delivered:

    (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

MC-010 [Rev. September 1, 2017]        **MEMORANDUM OF COSTS (SUMMARY)**

MC-010

| SHORT TITLE | CASE NUMBER: |
|---|---|
| FITZPATRICK, et al. v. BARSTOW TOWING, INC., et al. | CIVSB2029064 |

## PROOF OF ☐ MAILING ☐ PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and **not a party** to this legal action.

2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:

   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope AND

         (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served:

         (b) Address on envelope:


         (c) Date of mailing: _____

         (d) Place of mailing *(city and state)*:

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:


      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

**Page 2 of 2**

MC-010 [Rev. September 1, 2017]

## MEMORANDUM OF COSTS (SUMMARY)

MC-011

| SHORT TITLE<br>FITZPATRICK, et al. v. BARSTOW TOWING, INC., et al. | CASE NUMBER:<br>CIVSB2029064 |
| --- | --- |

## MEMORANDUM OF COSTS (WORKSHEET)

**1. Filing and motion fees**

| | Paper filed | Filing fee |
| --- | --- | --- |
| a. | Complaint | $ 568.50 |
| b. | First Amended Complaint | $ 69.18 |
| c. | Notice of Posting Jury Fees | $ 224.05 |
| d. | Case Management Statement | $ 69.18 |
| e. | Trial Setting Statement | $ 69.18 |
| f. | Opposition | $ 103.50 |

g. [x] Information about additional filing and motion fees is contained in Attachment 1g.

TOTAL 1. $ 5,515.67

**2. Jury fees**

| | Date | Fee & mileage |
| --- | --- | --- |
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |

e. [ ] Information about additional jury fees is contained in Attachment 2e.

TOTAL 2. $ 3,718.08

**3.** Juror food: $ _____ and lodging: $ _____    TOTAL 3. $ _____

**4. Deposition costs**

| | Name of deponent | Taking | Transcribing | Travel | Videotaping | Subtotals |
| --- | --- | --- | --- | --- | --- | --- |
| a. | Brandie Matthews | $ | $ 3,537.30 | $ | $ | $ |
| b. | Daniel Ebersohl | $ | $ 4,546.20 | $ | $ | $ |
| c. | Alicia D Benavidez | $ | $ 3,948.50 | $ | $ | $ |
| d. | Joshua E. Leonard, Officer | $ 275 | $ 3,146.50 | $ 32.45 | $ | $ |

e. [x] Information about additional deposition costs is contained in Attachment 4e.

TOTAL 4. $ 125,408.10

(Continued on reverse)    Page ___ of ___

Form Approved for Optional Use
Judicial Council of California MC-011
[Rev. September 1, 2017]

**MEMORANDUM OF COSTS (WORKSHEET)**

Code of Civil Procedure,
§§ 1032, 1033.5

MC-011

| SHORT TITLE | CASE NUMBER: |
|---|---|
| FITZPATRICK, et al. v. BARSTOW TOWING, INC., et al. | CIVSB2029064 |

5. **Service of process**

| | Name of person served | Public officer | Registered process | Publication | Other *(specify)* |
|---|---|---|---|---|---|
| a. | Def. Barstow Towing, Inc | $ _____ | $ ___90.20__ | $ _____ | $ _____ _____ |
| b. | Def Alicia Dawn Benavidez | $ _____ | $ ____175___ | $ _____ | $ _____ _____ |
| c. | Office Joshua Leonard | $ _____ | $ __432.50__ | $ _____ | $ _____ _____ |

d. ☒ Information about additional costs for service of process is contained in Attachment 5d.

TOTAL 5. $ _____2,208.07_____

6. Attachment expenses *(specify)*:    6. $ _____

7. Surety bond premiums *(itemize bonds and amounts)*:    7. $ _____

8. a. **Ordinary witness fees**

| | Name of witness | Daily fee | | Mileage | | Total |
|---|---|---|---|---|---|---|
| (1) | _____ | ___ days at | ___ $/day | ___ miles at | ___ ¢/mile: | $ _____ |
| (2) | _____ | ___ days at | ___ $/day | ___ miles at | ___ ¢/mile: | $ _____ |
| (3) | _____ | ___ days at | ___ $/day | ___ miles at | ___ ¢/mile: | $ _____ |
| (4) | _____ | ___ days at | ___ $/day | ___ miles at | ___ ¢/mile: | $ _____ |
| (5) | _____ | ___ days at | ___ $/day | ___ miles at | ___ ¢/mile: | $ _____ |

(6) ☐ Information about additional ordinary witness fees is contained in Attachment 8a(6).

SUBTOTAL 8a. $ _____

(Continued on next page)

MC-011 [Rev. September 1, 2017]    **MEMORANDUM OF COSTS (WORKSHEET)**    Page____ of ____

MC-011

| SHORT TITLE | CASE NUMBER: |
|---|---|
| FITZPATRICK, et al. v. BARSTOW TOWING, INC., et al. | CIVSB2029064 |

**8.   b.   Expert fees** *(per Code of Civil Procedure section 998)*

| | Name of witness | Fee | | |
|---|---|---|---|---|
| (1) | Fernando Miranda | ___ hours at $ ___ /hr | $ | 95,666 |
| (2) | Jonathan Eskenazi | ___ hours at $ ___ /hr | $ | 129,000 |
| (3) | Fardad Mobin | ___ hours at $ ___ /hr | $ | 53,500 |
| (4) | Jan Roughan | ___ hours at $ ___ /hr | $ | 78,562.52 |
| (5) | [x] Information about additional expert fees is contained in Attachment 8b(5). | | | |

SUBTOTAL  8b. $ 476,351.77

**c.   Court-ordered expert fees**

| | Name of witness | Fee | |
|---|---|---|---|
| (1) | ___ | ___ hours at $ ___ /hr | $ |
| (2) | ___ | ___ hours at $ ___ /hr | $ |
| (3) | [ ] Information about additional court-ordered expert fees is contained in Attachment 8c(3). | | |

SUBTOTAL 8c. $

TOTAL (8a, 8b, & 8c) 8. $

**9.   Court-ordered transcripts** *(specify):*   9. $ 19,477.05

**10.   Attorney fees** *(enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required):*   10. $

**11.   Models, enlargements, and photocopies of exhibits** *(specify):*   11. $ 91,042.55

**12.   Court reporter fees** *(as established by statute)*

a.   *(Name of reporter):* _____   Fees: $ _____

b.   *(Name of reporter):* _____   Fees: $ _____   TOTAL 12. $

c.   [ ] Information about additional court-reporter fees is contained in Attachment 12c.

**13.   Interpreter fees**

a.   Fees of a certified or registered interpreter for the deposition of a party or witness

*(Name of interpreter):* _____   Fees: $ _____

*(Name of interpreter):* _____   Fees: $ _____

b.   Fees for a qualified court interpreter authorized by the court for an indigent person represented by a qualified legal services project or a pro bono attorney

*(Name of interpreter):* _____   Fees: $ _____

*(Name of interpreter):* _____   Fees: $ _____   TOTAL 13. $

c.   [ ] Information about additional court-reporter fees is contained in Attachment 13c.

**14.   Fees for electronic filing or service of documents through an electronic filing service provider** (enter here if required or ordered by the court):   14. $

**15.   Fees for hosting electronic documents through an electronic filing service provider** (enter here if required or ordered by the court):   15. $

**16.   *Other* (specify):** _____   16. $ 2,541,355.33

**TOTAL COSTS**   $

*(Additional information may be supplied on the reverse)*

MC-011 [Rev. September 1, 2017]   **MEMORANDUM OF COSTS (WORKSHEET)**   Page____ of ____

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

| Fitzpatrick  vs. Barstow Towing, Inc. | Case No.: CIVSB2029064 |
|---|---|

### MEMORANDUM OF COSTS (WORKSHEET-ATTACHMENT 1g)

## 1. FILING AND MOTION FEES

| Papers filed | Filing fee |
|---|---|
| Notice of Ruling | $72.45 |
| Opposition to Motion | $150.08 |
| Motion | $196.65 |
| Notice of Lodging | $72.45 |
| Notice of Continuace | $17.19 |
| Opposition to Motion | $139.73 |
| Opposition to Motion | $103.50 |
| Reply to Def's Opp to Plt's Motion | $72.45 |
| Association of Counsel | $59.95 |
| Motions in Limine | $153.47 |
| Joint Trial Docs | $180.25 |
| Opposition to Mils | $152.96 |
| Motion | $103.00 |
| Revised Joint Trial Docs | $36.05 |
| Proof of Service Filing | $85.00 |
| Proof of Service Filing | $85.00 |
| Trial Setting Statement | $125.00 |
| Notice of Posting Jury Fees | $250.00 |
| Ex Parte | $259.00 |
| Notice of Continuance of Ex Parte | $85.00 |
| Motion, Declaration, Proposed Order | $565.00 |
| Opposition and Declaration | $178.00 |
| Reply to Def's Opposition | $138.00 |

1

| | |
|---|---|
| Stip and Order to Continue trial | $119.95 |
| Stip and Order to Continue trial | $159.95 |
| Courtcall Appearances | $924.00 |
| **TOTAL** | **$ 5,587.67** |

| Fitzpatrick  vs. Barstow Towing, Inc. | Case No.: CIVSB2029064 |
|---|---|
| MEMORANDUM OF COSTS (WORKSHEET-ATTACHMENT 4e) | |

## 4. DEPOSITION COSTS

| Name of Deponent | Taking | Transcribing | Travel | Videotaping |
|---|---|---|---|---|
| Gary L Painter | $1500 | $4,605.50 | | |
| Fernando G. Miranda, MD | $3200 | $5,714.70 | | |
| Kamran Parsa, MD | $4,400 | $3,446.25 | | |
| Barry Pressman, MD | $2800 | $5,691.20 | | $1,533.16 |
| Ari D. Kalechstein, Ph.D | $6,650 | $13,288.86 | | |
| Mary Jesko | | $8,577.80 | | |
| Darren Buono | $5750 | $4,997.30 | | |
| Jennie McNulty | | $4,251.50 | | |
| Jeffrey A. Bounds | $4,143.75 | $8,411.50 | | |
| Courtney Downes, MD | | $3,512.89 | | $875 |
| Stacy McMullen | $1200 | $4,643.40 | | |
| Lida Fitzpatrick | | $1127.25 | | |
| Lena Fitzpatrik | | $612.30 | | |
| Amirhosain Nobakht Janbakhsh | | $814.50 | | |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

| | | | | |
|---|---|---|---|---|
| Philip Theodosopoulos | | $350.60 | | |
| Michael Elliot, MD | | $1,123.02 | | |
| Fardad Mobin, MD | | $731.10 | | |
| Bruce Fitzpatrick | | $484.95 | | |
| Jonathan Eskenazi, MD | | $1,541.91 | | |
| Jan Roughan | | $661.50 | | |
| Bradley Jabour, MD | | $907.20 | | |
| Sandra White | | $978.40 | | |
| Lawrence Chong, MD | | $734.98 | | |
| Elizabeth Andrews | | $579.10 | | $82.50 |
| **TOTAL** | **$ 125,408.10** | | | |

| Fitzpatrick vs. Barstow Towing, Inc. | Case No.: CIVSB2029064 |
|---|---|
| MEMORANDUM OF COSTS (WORKSHEET-ATTACHMENT 5d) | |

### 5. Service of Process

| Name of Person Served | Fees |
|---|---|
| Subpoena Service of Rod Amiri | $268.67 |
| Subpoena Service of Fernando Miranda | $ 244.99 |
| Subpoena Service of Kamran Parsa | $194.99 |
| Subpoena Service of Michael Elliot | $288.49 |
| Subpoena Service of Brandie Matthews | $314.74 |
| Subpoena Service of Kamran Parsa (not served) | $198.49 |
| | |
| **TOTAL** | **$ 2,208.07** |

| Fitzpatrick  vs. Barstow Towing, Inc. | Case No.: CIVSB2029064 |
|---|---|
| MEMORANDUM OF COSTS (WORKSHEET-ATTACHMENT 8b) | |

### 8b(5) Experts

| | |
|---|---|
| Sandra White | $16,083.25 |
| David Patterson, MD | $10,000 |
| Richard Fredrick, MD | $11,800 |
| Rod Amiri, MD | $17,500 |
| Enrique Vega | $10,500 |
| John Landerville | $ 11,939 |
| Dorothy Clay Sims | $3,051 |
| Bradley Jabour, MD | $38,750 |
| **TOTAL** | **$ 476,351.77** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

| Fitzpatrick vs. Barstow Towing, Inc. | Case No.: CIVSB2029064 |
|---|---|
| MEMORANDUM OF COSTS (WORKSHEET-ATTACHMENT 11) | |

### 11. Models, Enlargement, and Photocopies of Exhibits:

| Company | Total |
|---|---|
| Trial Template LLC | $2,666.67 |
| Executive Presentations | $11,897.50 |
| DK GLOBAL | $42,781.75 |
| MotionLit | $ 10,605 |
| Suite Trial Services | $ 21,541.63 |
| Unapologetic Media | $1,500 |
| **Total** | **$ 91,542.55** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

| Fitzpatrick  vs. Barstow Towing, Inc. | Case No.: CIVSB2029064 |
|---|---|
| MEMORANDUM OF COSTS (WORKSHEET-ATTACHMENT 16) | |

### 16. Other- Courier

| Company | Cost |
|---|---|
| FedEx | **$841.84** |

### 16. Other-Subpoenas for Medical Records Re Trial

| Company | Cost |
|---|---|
| AT & T | $45 |
| ChartSquad | $1,055.89 |
| ChartSwap | $75 |
| Ciox Health, LLC | $4.99 |
| Halo Diagnostics, LLC | $105 |
| Titan Legal Services, Inc. | $1,136.89 |
| VA Anderson | $ 1,162.79 |
| VMR Institute | $15.00 |
| TOTAL | **$3,600.56** |

### 16. Other- Preparation and investigation of Witnesses

| Company | Cost |
|---|---|
| Glucroft Investigations, Inc | $570 |
| Batza & Associates, Inc and People Hunters | $1,924.23 |
| Clymer & Beverly, Inc. and AWT Corp | $325 |
| USA Express Legal & Investigation | $185 |
| Thomas Reuters | $ 1,454.08 |
| Rev.com | $459 |
| Total | **$4,917.31** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

### 16. Other-Travel for Trial

| Dates | Cost |
|-------|------|
| 6/15/23-7/11/23 | **$2,598.72** |

### 16. Other-Lida Fitzpatrick Transportation to Defense Medical Exams, meeting in re trial prep and Doctor's Appointments

| Dates | Cost |
|-------|------|
| 06/04/22-05/23/23 | **$7,054.46** |

### 16. Other- Interest

| Dates | Total |
|-------|-------|
| 05/25/21-08/31/23 | **$ 2,495,342.44** |

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**PROOF OF SERVICE**

*Fitzpatrick v. Barstow Towing, Inc. et al.*
*Case No.: CIVDSB2029064*

STATE OF CALIFORNIA            )
                               )
COUNTY OF LOS ANGELES          )

      I, Stephanie E. Bowman, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010.

      On August 18, 2023, I served the foregoing **MEMORANDUM OF COSTS** on the interested parties (a) as addressed and (b) by one of the methods of service set forth below:

Kevin L. Place, Esq.
ADELSON McLEAN, APC
4100 Newport Place Drive, Suite 200
Newport Beach, CA 92660
Tel: (949) 656-4601
Fax: (949) 656-4223
Email:support@adelsonmclean.com,
KPlace@AdelsonMcLean.com,
THunter@AdelsonMcLean.com

  Attorneys for Defendants

(X)    **BY ELECTRONIC MAIL (E-MAIL):** I caused said document(s) to be delivered electronically to the addressee(s) identified above with an e-mail address pursuant to Emergency Rule 12 of the California Rules of Court.

      I declare under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

      Executed on August 18, 2023, at Los Angeles, California.

_____
Stephanie E. Bowman

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**EXHIBIT A**

**NOTICE OF ENTRY OF JUDGMENT**

CIV-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>P. CHRISTOPHER ARDALAN, ESQ., SBN 210639<br>CHRISTIENNE PAPA, ESQ., SBN 311788<br>ARDALAN & ASSOCIATES, PLC<br>3225 Old Conejo Road, Thousand Oaks, CA 91320<br><br>TELEPHONE NO.: 818-702-2570          FAX NO. *(Optional):* 818-702-2571<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff LIDA N. FITZPATRICK | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY FILED (Auto)<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>1/23/2024 7:26 PM |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME:

PLAINTIFF/PETITIONER: Lida N. Fitzpatrick

DEFENDANT/RESPONDENT: Barstow Towing, Inc., et al

| | |
|---|---|
| **NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER**<br>*(Check one):*   [x] **UNLIMITED CASE**          [ ] **LIMITED CASE**<br>               (Amount demanded              (Amount demanded was<br>               exceeded $25,000)              $25,000 or less) | CASE NUMBER:<br>CIVSB2029064 |

**TO ALL PARTIES :**

1.  A judgment, decree, or order was entered in this action on *(date):* 07/31/2023

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: January 23, 2024

CHRISTIENNE PAPA, ESQ.
(TYPE OR PRINT NAME OF   [x] ATTORNEY   [ ] PARTY WITHOUT ATTORNEY)

▶          *(signature)*          (SIGNATURE)

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

*www.courts.ca.gov*

CIV-130

| | |
|---|---|
| PLAINTIFF/PETITIONER: Lida N. Fitzpatrick<br>DEFENDANT/RESPONDENT: Barstow Towing, Inc., et al | CASE NUMBER:<br>CIVSB2029064 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

*(NOTE: You cannot serve the **Notice of Entry of Judgment or Order** if you are a party in the action.  The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

    a. ☐  deposited the sealed envelope with the United States Postal Service.

    b. ☐  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

    a. on *(date):*

    b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

    a. Name of person served:              c.  Name of person served:

       Street address:                        Street address:
       City:                                  City:
       State and zip code:                    State and zip code:

    b. Name of person served:              d.  Name of person served:

       Street address:                        Street address:
       City:                                  City:
       State and zip code:                    State and zip code:

    ☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

► 

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]            **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 1 8 2023

By _____
Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LIDA N. FITZPATRICK, an individual, | Case No.: CIVSB2029064 |
| Plaintiff, | [PROPOSED] FINAL JUDGMENT ON SPECIAL VERDICT |
| vs. | |
| BARSTOW TOWING, INC., a corporation; ALICIA DAWN BENAVIDEZ, an individual | |
| Defendants. | |

This action came on regularly for trial by jury on June 5, 2023, in Department S30 of the

Superior Court for the County of San Bernardino, the Hon. Brian S. McCarville presiding; the

Plaintiff, LIDA FITZPATRICK, appearing by attorneys P. Christopher Ardalan and Christienne

M. Papa of Ardalan & Associates, PLC; BARSTOW TOWING, INC. and ALICIA DAWN

BENAVIDEZ, appearing by attorneys Kevin L. Place and Taylor M. Hunter of Adelson

McLean.

A jury of 12 persons was regularly impaneled and sworn.  Witnesses were sworn and

testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by

the Court and the cause was submitted to the jury with directions to return a verdict on special

issues.  The jury deliberated and thereafter returned to the Court with its verdict on July 24, 2023

as follows:

**QUESTION NO. 1:**

What are LIDA FITZPATRICK's damages?

    a.  Future economic damages including
        Medical expenses, attendant care, and
        assisted living:        $   7,000,000

    b.  Past Noneconomic Loss of physical pain,
        mental suffering, loss of enjoyment of life,
        disfigurement, physical impairment,
        inconvenience, grief, anxiety, humiliation,
        and emotional distress:        $   1,000,000

    c.  Future Noneconomic Loss of physical pain,
        mental suffering, loss of enjoyment of life,
        disfigurement, physical impairment,
        inconvenience, grief, anxiety, humiliation,
        and emotional distress:        $   3,000,000

                        TOTAL:  $   11,000,000

**Have the Presiding Juror sign and date this form.**

Signed: _____Kirk Bowerman_____
              Presiding Juror

Dated: _____July 24, 2023_____

    After this verdict form has been signed, notify the attendant that you are ready to present
your verdict in the courtroom.

[PROPOSED] FINAL JUDGMENT ON SPECIAL VERDICT

1        WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff, LIDA

2    FITZPATRICK, shall have and recover judgment against Defendants, BARSTOW TOWING,

3    INC. and ALICIA DAWN BENAVIDEZ, in the amount of **$11,000,000.00**.

4        Additionally, the Court having retained jurisdiction to determine prejudgment interest to

5    Plaintiff at the rate of 10% per annum from the date of Plaintiff's Code of Civil Procedure ("CCP")

6    Section 998 Offer to Compromise and Plaintiff's allowable costs pursuant to a memorandum of

7    costs filed in accordance with CCP sections 998 and 1032 *et seq.*, as well as Rule 3.1700 of the

8    California Rules of Court, the Court hereby further ORDERED, ADJUDGED AND DECREED

9    that Plaintiff, LIDA FITZPATRICK, shall have and recover further judgment against Defendants,

10   BARSTOW TOWING, INC. and ALICIA DAWN BENAVIDEZ, in the amount of **$2,953,097.31**

11   for a total judgment in the amount of **$13,953,097.31**.

12       IT IS SO ORDERED.

13                                                            BRIAN S. McCARVILL

14   DATE:____12/18/2023____

15                                                            HON. BRIAN S. MCCARVILLE
                                                             JUDGE OF THE SUPERIOR COURT
16

17   DEC 1 8 2023

18

19

20

21

22

23

24

25

26

27

28

---

3

[PROPOSED] FINAL JUDGMENT ON SPECIAL VERDICT

## PROOF OF SERVICE
(CCP §§ 1013a, 2015.5)

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

I am employed in the County of Ventura, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is: 3225 Old Conejo Road, Thousand Oaks, CA 91320.

On **January 19, 2024,** I served the foregoing document described as:

PLAINTIFS' NOTICE OF ENTRY OF JUDGMENT

_____   **BY PLACING____**the original____a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

_____   **BY MAIL**

_____   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Thousand Oaks, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____   **BY PERSONAL SERVICE**
I caused such envelope to be delivered by hand to the offices of the addressee as indicated on the attached service list.

__X__   **BY EMAIL**
I caused the above-referenced document(s) to be transmitted by email to the addressee(s) noted in the attached service list from my electronic service address which is **Leandra@ardalanlaw.com**. All emails were transmitted successfully.

_____   **BY FEDERAL EXPRESS**
I served a true and correct copy enclosed in a sealed Federal Express package, for collection by an employee of Federal Express, and for delivery by Federal Express marked for the next day delivery in the ordinary course of business, addressed to the office of the addressee as indicated above.

Executed on **January 19, 2024** at Thousand Oaks, California.

__X__   STATE I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____   FEDERAL I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


___Leandra Huerta_____                    _____
          Name                                                    Signature

<u>**SERVICE LIST**</u>
**FITZPATRICK V BARSTOW TOWING, INC., et al.**
**CASE NO. CIVSB2029064**


**Attorneys for Defendants BARSTOW TOWING INC., and ALICIA DAWN BENEVIDEZ:**
Kevin L. Place
Elizabeth Sutlian-Mardikian
**MCLEAN VASQUEZ PLACE FABREGA, APC**
19800 MacArthur Blvd., Suite 680
Irvine, CA 92612
Tel.: (949) 656-4601
Fax: (949) 656-4223

Email:  KPlace@mvpflaw.com; esutlianmardikian@mvpflaw.com; support@mvpflaw.com

**Associated Attorneys for Defendants BARSTOW TOWING INC., and ALICIA DAWN BENEVIDEZ:**
Susan A. Kidwell, Esq.
Locke Lord, LLP
300 S. Grand Ave., Suite 2600
Los Angeles, CA 90071
Telephone: (213) 687-6792

Email: skidwell@lockelord.com


James S. Brasher, Esq.
ROWE MULLEN LLP
3636 Nobel Drive, Ste. 215
San Diego, CA 92122
Tel: (858) 404-9800
Fax: (858) 404-9833

Email: Brasher@rowemullen.com

**EXHIBIT A**

**DOCKET: CALIFORNIA SUPERIOR COURT PROCEEDING**

Case 6:24-bk-11988-MH    Doc 50    Filed 08/20/24    Entered 08/20/24 15:44:56    Desc
Main Document      Page 58 of 103

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                          08/20/2024 09:55:35

## CIVSB2029064

FITZPATRICK
-v-
BARSTOW TOWING, INC et al

### Case Information

| Case Type: | Auto PI/PD/WD Unlimited |
|---|---|
| Case Number: | CIVSB2029064 |
| Citation Number: | |
| Filing Date: | 12/16/2020 |
| Case Status: | Appealed |
| Court Location: | San Bernardino |
| Judicial Officer: | Brian S McCarville |
| Next Hearing: | 11/13/2024 8:30AM Dept S30 - SBJC |

### Case Flags

| |
|---|

### Demographic Information

| Date of Birth | |
|---|---|
| Race: | |
| Sex: | |
| Height: | #Error |
| Weight: | |
| Hair Color: | |
| Eye Color: | |
| DL #: | |
| FBI #: | |
| State ID: | |

### Address

| Street Name: | |
|---|---|
| City: | |
| State: | |
| Zip: | |

### Alias(s) / Nickname(s)

| |
|---|

1 of 32

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                       08/20/2024 09:55:35

## Cross Reference

|  |  |
|---|---|
|  |  |

## Parties

| Type | Name | Status |
|---|---|---|
| Defendant | BARSTOW TOWING, INC<br>*A CORPORATION* | Active |
| Defendant | DOES 1 THROUGH 50 | Active |
| Defendant | BENAVIDEZ, ALICIA DAWN<br>*AN INDIVIDUAL* | Active |
| Appellant in 2nd Appeal | BARSTOW TOWING, INC. | Active |
| Appellant in 2nd Appeal | BENAVIDEZ, ALICIA DAWN | Active |
| Respondent in 2nd Appeal | FITZPATRICK, LIDA N | Active |
| Plaintiff | FITZPATRICK, LIDA N. | Active |
| Respondent in 1st Appeal | FITZPATRICK, LIDA N | Active |
| Appellant in 1st Appeal | BENAVIDEZ, ALICIA DAWN<br>*AN INDIVIDUAL* | Active |
| Appellant in 1st Appeal | BARSTOW TOWING, INC.<br>*A CORPORATION* | Active |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Attorneys

| Representing | Name |
|---|---|
| BARSTOW TOWING, INC | Locke Lord LLP |
| BARSTOW TOWING, INC | McLean Vasquez Place Fabrega, APC |
| BARSTOW TOWING, INC | McLean Vasquez Place Fabrega, APC |
| ALICIA DAWN BENAVIDEZ | Locke Lord LLP |
| ALICIA DAWN BENAVIDEZ | McLean Vasquez Place Fabrega, APC |
| ALICIA DAWN BENAVIDEZ | McLean Vasquez Place Fabrega, APC |
| BARSTOW TOWING, INC. | **McLean Vasquez Place Fabrega, APC** |
| ALICIA DAWN BENAVIDEZ | **McLean Vasquez Place Fabrega, APC** |
| LIDA N FITZPATRICK | **Wilshire Law Firm** |
| BARSTOW TOWING, INC. | **Locke Lord LLP** |
| ALICIA DAWN BENAVIDEZ | **Locke Lord LLP** |
| LIDA N FITZPATRICK | **Wilshire Law Firm** |
| LIDA N. FITZPATRICK | **Wilshire Law Firm** |

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 7/15/2024 | Remittitur Filed | |
| **Comment:** | Appeal is DISMISSED by reviewing court. | |
| 6/12/2024 | Efile Rejection | |
| **Comment:** | Env# 15285331; Your eFiling submission is being returned for the following reasons: Case is in appealed status. No filings are accepted at this time. | |
| 6/4/2024 | Comment: | |
| **Comment:** | Undertaking $1,701,098.00 placed in fiscal office cabinet | |
| 6/3/2024 | Comment: | |
| **Comment:** | Undertaking routed to Fiscal Office | |
| 5/24/2024 | Ntc of Cost for Clerk/Reporter Trans on Appeal Filed/Mailed | |
| 5/23/2024 | Notice To Reporter For Estimate Of Costs Filed and Mailed | |
| 5/14/2024 | Remote Hearing Held Via Court Call | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| 5/13/2024 | Received an Order Dismissing Appeal from the Reviewing Court | |
| **Comment:** | The notice of appeal was filed April 2, 2024. The appeal is untimely, it must be and is DISMISSED. See order for details. | |
| 4/25/2024 | Notice of Election to Proceed Pursuant to CRC 8.124 Filed | Locke Lord LLP, BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| 4/25/2024 | Notice Vacating Notice Of Default Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| **Comment:** | Vacate designations and filing fee | |
| 4/25/2024 | Appellant's Notice Designating Record on Appeal | Locke Lord LLP, BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| 4/15/2024 | Notice of Default on Appeal Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| **Comment:** | Failure to designate the record on appeal and timely pay filing fee on appeal. | |
| 4/2/2024 | Appeal Packet Forwarded To The Court Of Appeal On This Date | |
| 4/2/2024 | Clerk's Notification of Filing Of Notice of Appeal Filed | |
| **Comment:** | Sent to parties | |
| 4/2/2024 | Notice of Appeal - Court of Appeal | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| **Comment:** | E083616 - against respondents in 2nd appeal from judgment filed 12-18-2023 | |
| 4/2/2024 | Comment: | |
| **Comment:** | Check#2421066 in the amount of $775.00 from Locke Lord, LLP sent to DCA via court courier on 4/4/24. | |
| 3/29/2024 | Notice of Ruling Electronically Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs Notice of Ruling Re  Examination of Defendant  Barstow Towing, Inc. Electronically Filed | |
| 3/28/2024 | Remote Hearing Held Via Court Call | |
| 3/15/2024 | Record on Appeal Certified to Reviewing Court & Parties | |
| 3/5/2024 | Reporters Transcripts on Appeal Received | |
| 2/29/2024 | Order Filed Re: | LIDA FITZPATRICK |
| **Comment:** | to continue ORAP date | |
| 2/2/2024 | Efile Rejection | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | Envelope # 13674256 Your envelope containing a Notice Designating Record on Appeal is ineligible for eFiling. Please review the Civil eFiling Ineligible List available at the following link: https://www.sb-court.org/efiling/civil-efiling. As a courtesy, the Clerk of the Court will send your documents to the Appeals Division, but they will not be eFiled. Please refrain from eFiling any Appeals related documents. Documents may be submitted to the Appeals Division of the Superior Court in Rancho Cucamonga, CA 91730. Alternatively you can submit these documents via FileSubmit, a service available through the court website, www.sb-court.org. Should you have any questions, you may call the information line at (909) 384-1888. | |
| 1/23/2024 | Notice of Entry of Judgment or Order Electronically filed | LIDA FITZPATRICK |
| **Comment:** | Notice of Entry of Judgment or Order Electronically filed | |
| 1/4/2024 | Notice Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| **Comment:** | of Undertaking in the amount of $1,701,098.00 | |
| 1/3/2024 | Correspondence Coversheet Generated to Mail: | Wilshire Law Firm, Adelson McLean APC |
| **Comment:** | copy of today's minute order | |
| 12/21/2023 | Notice of Change of Address Filed | BARSTOW TOWING, INC |
| **Comment:** | Notice of Change of Address Filed | |
| 12/21/2023 | Notice To Reporter To Prepare Transcript On Appeal Filed | |
| 12/18/2023 | Notice Filed | |
| **Comment:** | PLAINTIFF'S NOTICE OF ORDER FOR JUDGMENT DEBTOR TO APPEAR FOR EXAMINATION | |
| 12/18/2023 | GC70632- Reporters Transcript Trust Fee | LIDA FITZPATRICK |
| **Comment:** | PAID | |
| 12/18/2023 | Judgment after Jury Trial Filed | |
| **Comment:** | (Final Judgment on Special Verdict) | |
| 12/13/2023 | Filing Fee Paid by | |
| **Comment:** | $60 check paid for ORAP | |
| 12/13/2023 | Application for Order for Examination Filed | LIDA FITZPATRICK |
| **Comment:** | Filed by Plaintiff | |
| 12/12/2023 | Document is Returned by Court for the Following Reason(s): | LIDA FITZPATRICK |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                      08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| **Comment:** | Order to Appear for Examination: Number 1 and 2 need to be completed | |
| 12/12/2023 | Returned Mail Received from Postal Service | Adelson McLean APC |
| **Comment:** | 8.124 Notice and ROA - Remailed to:<br>19800 McArthur Blvd #680<br>Irvine CA  92612 | |
| 12/7/2023 | Ntc of Cost for Clerk/Reporter Trans on Appeal Filed/Mailed | |
| 11/29/2023 | Notice To Reporter For Estimate Of Costs Filed and Mailed | |
| 11/22/2023 | Respondent's Notice Designating Record on Appeal filed | LIDA FITZPATRICK |
| 11/21/2023 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | VOL. 8 -- 11/02/23 - PRESENT | |
| 11/21/2023 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | vol. 7 -- 07/31/23 - 11/02/23 | |
| 11/16/2023 | Stip and appointment of pro tem reporter filed | |
| 11/16/2023 | Notice of Election to Proceed Pursuant to CRC 8.124 Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| 11/16/2023 | Amended Designation Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| 11/16/2023 | Notice Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| **Comment:** | NOTICE OF ERRATA | |
| 11/15/2023 | Objection Filed | BARSTOW TOWING, INC |
| **Comment:** | DEFENDANTS OBJECTION TO PLAINTIFFS UNAUTHORIZED SUR-REPLY IN OPPOSITION TO DEFENDANTS MOTION TO TAX COSTS | |
| 11/15/2023 | Objection Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to Plaintiff's unauthorized Sur-Reply in opposition to Defendants' Motion to tax costs | |
| 11/14/2023 | Reply Filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Surreply Filed Electronically | |
| 11/14/2023 | Notice of Default on Appeal Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                          08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | Failure to pay filing fee on appeal | |
| 11/13/2023 | Appellant's Notice Designating Record on Appeal | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| 11/13/2023 | Notice of Election to Proceed Pursuant to CRC 8.124 Filed | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| 11/8/2023 | Reply Filed Electronically | BARSTOW TOWING, INC |
| **Comment:** | Reply MPA ISO of Motion to Tax | |
| 11/8/2023 | Declaration in Support of Reply Filed Electronically | BARSTOW TOWING, INC |
| **Comment:** | Declaration ISO Reply | |
| 11/3/2023 | Clerk's Notification of Filing Of Notice of Appeal Filed | |
| **Comment:** | Sent to parties | |
| 11/3/2023 | Appeal Packet Forwarded To The Court Of Appeal On This Date | |
| 11/2/2023 | Declaration ISO Opposition Filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Declaration ISO Opposition Filed Electronically | |
| 11/2/2023 | Declaration ISO Opposition Filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Declaration ISO Opposition Filed Electronically | |
| 11/2/2023 | Opposition to Motion filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Opposition to Motion Filed Electronically | |
| 11/2/2023 | Declaration ISO Opposition Filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Declaration ISO Opposition Filed Electronically | |
| 11/2/2023 | Declaration ISO Opposition Filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Declaration ISO Opposition Filed Electronically | |
| 11/2/2023 | Declaration ISO Opposition Filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Declaration ISO Opposition Filed Electronically | |

# Court Access Portal
## Superior Court of California - County of San Bernardino

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 11/2/2023 | Declaration ISO Opposition Filed Electronically | LIDA FITZPATRICK |
| **Comment:** | Declaration ISO Opposition Filed Electronically | |
| 11/1/2023 | Notice of Appeal - Court of Appeal | BARSTOW TOWING, INC., ALICIA BENAVIDEZ |
| **Comment:** | E082513 Against Resp 1st Appeal, Barstow Towing, Inc., Alicia Dawn Benavidez, from Judgment Filed 8/30/2023 | |
| 11/1/2023 | Notice of Association of Counsel for Defendant Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Notice of Association of Counsel | |
| 10/3/2023 | Notice of Ruling Electronically Filed | LIDA FITZPATRICK |
| **Comment:** | Notice of Ruling Electronically Filed | |
| 10/2/2023 | Remote Hearing Held Via Court Call | |
| 9/29/2023 | Stip and appointment of pro tem reporter filed | |
| 9/14/2023 | Reply To: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Def reply to Memo of P&A's in support of motion for new trial, or in the alternative, remittitur of damages | |
| 9/7/2023 | Opposition to Motion Filed | LIDA FITZPATRICK |
| **Comment:** | plaintiffs opposition to defendants motion for new trial | |
| 9/5/2023 | Motion re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Notice of Motion to Tax Costs, filed 9/5/23 | |
| 9/5/2023 | Declaration re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | of Kevin L Place in support of motion to strike or in the alternative, tax costs, filed 9/5/23 | |
| 8/31/2023 | Notice of Entry of Judgment | LIDA FITZPATRICK |
| 8/29/2023 | Filing Fee Paid by | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | $60.00 check paid on 8/29/23 for motion | |
| 8/28/2023 | Document is Returned by Court for the Following Reason(s): | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Motion For New Trial, needs to be filed in the department directly. There is also no reservation for 10/02/23 in the reservation log, please reserve with the department then file in the department | |
| 8/28/2023 | Motion for New Trial | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                      08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | NOTICE OF MOTION FOR NEW TRIAL: OR IN THE ALTERNATIVE , REMITTITUR OF DAMAGES: MPA IN SUPPORT OF THEREOF | |
| 8/21/2023 | Memo of Costs Filed. Costs in the Amount of | LIDA FITZPATRICK |
| **Comment:** | $3,269,777.32 | |
| 8/21/2023 | Order Filed Re: | |
| **Comment:** | fixing time for argument on Motion for New Trial | |
| 8/17/2023 | Notice Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | of Intent to Move for New Trial | |
| 8/2/2023 | Exhibit(s) & Exhibit List Received From Courtroom; | |
| **Comment:** | Clerk's Copy Returned To Courtroom. | |
| 8/2/2023 | Exhibits List Filed | |
| 7/31/2023 | Judgment after Jury Trial Filed | |
| **Comment:** | (no proof of service) | |
| 7/31/2023 | Notice of Entry of Judgment | LIDA FITZPATRICK |
| **Comment:** | (no proof of service) | |
| 7/26/2023 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | Vol 4 includes 02/01/23-05/26/23 | |
| 7/26/2023 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | Vol 5 includes 05/26/23-07/06/23 | |
| 7/26/2023 | Jury Fees Posted | BARSTOW TOWING, INC |
| **Comment:** | $146.80 CK #1477 | |
| 7/26/2023 | Volume Begins on this Date | |
| **Comment:** | Vol 6 includes 07/07/23-Present | |
| 7/25/2023 | Jury Fees Posted | LIDA FITZPATRICK |
| **Comment:** | Check#2593 $3718.08 | |
| 7/25/2023 | Document is Returned by Court for the Following Reason(s): | Wilshire Law Firm |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                                08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | (Proposed) Judgment on special verdict received on 7/24/2023. After Judicial review, (Proposed) Judgment on special verdict has not been signed off by Counsel for Defendants as approved as to form and content. Please make the necessary corrections and resubmit. | |
| 7/24/2023 | Jury Question Filed | |
| 7/24/2023 | Instructions to the jury-given-filed | |
| 7/24/2023 | Jury Fees Posted | BARSTOW TOWING, INC |
| **Comment:** | Check#1474 $587.20 | |
| 7/24/2023 | Special Verdict filed. | |
| 7/19/2023 | Jury Fees Posted | BARSTOW TOWING, INC |
| **Comment:** | $734.00 CK# 015260 | |
| 7/18/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiff's request to play limited video clips of Plaintiff's deposition to rebut testimony of Defendants' expert witnesses | |
| 7/17/2023 | Motion Filed Re: | LIDA FITZPATRICK |
| **Comment:** | TRIAL TESTIMONNY OF DEFENSE MEDICAL EXPERT, BARRY PRESSMAN | |
| 7/13/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiff's Kennemur Motion re: trial testimony of Defense Medical Expert, Jeffrey Bounds, M.D. | |
| 7/12/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiff's Motion to exclude any use of a Facebook page of "Nadia Fitzpatrick" and/or request 402 hearing | |
| 7/10/2023 | Miscellaneous Document Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants' opposition to Plaintiff's Motion to deem Plaintiff unavailable to testify at trial | |
| 7/10/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC |
| **Comment:** | TO PLAINTIFF'S MOTION TO DEEM PLAINTIFF UNAVAILABLE TO TESTIFY AT TRIAL | |
| 7/10/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiff's objection and opposition to Defendants' request for Judicial Notice | |
| 7/7/2023 | Jury Fees Posted | BARSTOW TOWING, INC |
| **Comment:** | $1000.00 ck paid on 07/10/2023 for trial & $98.80 ck paid on 07/10/2023 for trial for Total of $1098.00 | |
| 7/7/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs Motion to deem plaintiff unavailable to testify at trial | |

10 of 32

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| 7/7/2023 | Request for Judicial Notice Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| 7/5/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | Proposed deposition designation chart of the videotaped deposition testimony of Lida Fitzpatrick | |
| 7/5/2023 | Objection Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | To testimony and (Proposed) Order relating to plaintiff's designations of Lida Fitzpatrick | |
| 6/26/2023 | Jury Fees Posted | BARSTOW TOWING, INC, Adelson McLean APC |
| **Comment:** | $1151.28 CK# 014505 & 014504 | |
| 6/16/2023 | Notice Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendant's Notice of Intent to Offer Video Deposition Testimony at Time of Trial | |
| 6/16/2023 | Objection Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants' objections to testimony and (Proposed) Order relating to Plaintiff's designations of Dr. Buono | |
| 6/16/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendant's opposition to Plaintiff's Motion in Limine No. 10 | |
| 6/16/2023 | Notice of Association of Counsel for Plaintiff Filed | |
| **Comment:** | ARDALAN & ASSOCIATES, PLC | |
| 6/15/2023 | Objection Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to testimony | |
| 6/15/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | PLTS PROPOSED DEPOSITION DESIGNATION CHART OF THE VIDEOTAPED DEPOSITION TESTIMONY OF DARREN BUONO, MD | |
| 6/15/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | PLTS PROPOSED DEPOSITION DESIGNATION CHART OF THE VIDEOTAPED DEPOSITION TESTIMONY OF DEFT. ALICIA DAWN BENAVIDEZ | |
| 6/15/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | PLTS PROPOSED DEPOSITION DESIGNATION CHART OF THE VIDEOTAPED DEPOSITION TESTIMONY OF KAMRAN PARSA, D.O. | |
| 6/15/2023 | Miscellaneous Document Filed | LIDA FITZPATRICK |
| **Comment:** | PLTS PROPOSED DEPOSITION DESIGNATION CHART OF THE VIDEOTAPED DEPOSITION TESTIMONY OF COURTNEY DOWNES, MD | |
| 6/13/2023 | Objection Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | to Plaintiffs Trial Exhibits | |
| 6/8/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | PLAINTIFFS #10 | |
| 6/6/2023 | Statement of Case Filed | |
| **Comment:** | Jointly | |
| 6/5/2023 | Stip and appointment of pro tem reporter filed | |
| 6/5/2023 | Opposition to Motion Filed | LIDA FITZPATRICK |
| **Comment:** | Defendant's Motion in Limine #1 | |
| 6/2/2023 | Motions in Limine Opposition Filed | LIDA FITZPATRICK |
| **Comment:** | to Defendants #3 | |
| 6/2/2023 | Motions in Limine Opposition Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to Plaintiffs #8 | |
| 6/2/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #17 | |
| 6/2/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #8 | |
| 6/2/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #16 | |
| 6/2/2023 | Motions in Limine Opposition Filed | LIDA FITZPATRICK |
| **Comment:** | to Defendants #15 | |
| 6/2/2023 | Motions in Limine Opposition Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to Plaintiffs #9 | |
| 6/2/2023 | Motions in Limine Opposition Filed | LIDA FITZPATRICK |
| **Comment:** | to Defendants #6 | |
| 6/2/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #7 | |
| 6/2/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #9 | |
| 6/1/2023 | Remote Hearing Held Via Court Call | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 6/1/2023 | Witness List Filed | |
| **Comment:** | Jointly | |
| 6/1/2023 | Motions in Limine Opposition Filed | LIDA FITZPATRICK |
| **Comment:** | to Defendants #4 | |
| 6/1/2023 | Motions in Limine Opposition Filed | LIDA FITZPATRICK |
| **Comment:** | to Defendants #2 | |
| 5/31/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Plaintiff's Motion in Limine no. 4 | |
| 5/31/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Plaintiff's Motion in Limine no. 1 | |
| 5/31/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Plaintiff's Motion in Limine no. 3 | |
| 5/31/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Plaintiff's Motion in Limine no. 5 | |
| 5/31/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Plaintiff's Motion in Limine no. 6 | |
| 5/31/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Plaintiff's Motion in Limine no. 7 | |
| 5/31/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Plaintiff's Motion in Limine no. 2 | |
| 5/26/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #7 | |
| 5/26/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #2 | |
| 5/26/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #5 | |
| 5/26/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #6 | |
| 5/26/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #1 | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| 5/26/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #3 | |
| 5/26/2023 | Motion in Limine re: | LIDA FITZPATRICK |
| **Comment:** | Plaintiffs #4 | |
| 5/25/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to Exclude Plaintiffs Expert Mobin, M.D. | |
| 5/25/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $40 cc paid on 5/25/23 for fax fees | |
| 5/25/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to Exclude Plaintiffs Expert Jonathan Eskanazi, M.D | |
| 5/25/2023 | Fax Received | |
| **Comment:** | Defnt's Motion in Limine to Exclude Evidence | |
| 5/25/2023 | Filing Fee Paid by | |
| **Comment:** | $42 cc paid on 5/25/23 for fax fees | |
| 5/25/2023 | Fax Received | |
| **Comment:** | Defnt's Motion in Limine #14 | |
| 5/25/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $62 cc paid on 5/25/23 for fax fees | |
| 5/25/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $50 cc paid on 5/25/23 for fax fees | |
| 5/25/2023 | Fax Received | |
| **Comment:** | Defnt's Motion in Limine #15 | |
| 5/25/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $42 cc paid on 5/25/23 for fax fees | |
| 5/25/2023 | Fax Received | |
| **Comment:** | Defnt's Motion in Limine #12 | |
| 5/25/2023 | Fax Received | |
| **Comment:** | Defnt's Motion in Limine #13 | |
| 5/25/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $12 cc paid on 5/25/23 for fax fees | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 5/25/2023 | Fax Received | |
| **Comment:** | Defnt's Motion in Limine #11 | |
| 5/25/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to Exclude evidence, testimony or reference to illness | |
| 5/24/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to exclude Plaintiff's expert Jan Roughan pursuant to CCP2034(j)(3) | |
| 5/24/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to exclude Plaintiff's expert Bradley A. Jabour pursuant to CCP2034(j)(3) | |
| 5/24/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to exclude Plaintiff's animations | |
| 3/27/2023 | Volume Begins on this Date | |
| **Comment:** | Volume 4 includes documents filed between 02/01/2023 and PRESENT | |
| 3/27/2023 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | Volume 3 includes documents filed between 07/06/22 and 01/27/23 | |
| 3/16/2023 | Remote Hearing Held Via Court Call | |
| 3/9/2023 | Correspondence Coversheet Generated to Mail: | Wilshire Law Firm, Adelson McLean APC |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #1 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #2 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #6 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #8 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #5 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #3 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | Defendants #7 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #9 | |
| 3/8/2023 | Motion in Limine re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendants #4 | |
| 3/6/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $60.00 paid for Ex-Parte | |
| 3/6/2023 | Ex Parte Filed Re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Ex Parte application for an order shortening time to hear Defendant Barstow Towing, Inc's Motions to Compel Plaintiff Lidia Fitzpatrick's responses to supplemental discovery | |
| 2/21/2023 | Volume Begins on this Date | |
| **Comment:** | Volume 3 includes documents filed between 07/06/22 - 01/27/23 | |
| 2/21/2023 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | Volume 2 includes Documents filed between 05/18/22 - 07/06/22 | |
| 2/9/2023 | Remote Hearing Held Via Court Call | |
| 2/1/2023 | Reply Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiff's reply to defendants' opposition to plaintiff's motion for protective order; memorandum of points and authorities | |
| 2/1/2023 | Reply Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | in Support of Motion for Protective Order | |
| 1/27/2023 | Fax Received | |
| **Comment:** | Defendant's opposition to Plaintiff's motion for protective order; declaration of Federico A. Stea | |
| 1/27/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $47.00 cc payment for fax fees taken on 1/30/23 | |
| 1/27/2023 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | for Protective order filed by All Defendants 1/27/23 | |
| 1/26/2023 | Opposition to Motion Filed | LIDA FITZPATRICK |
| **Comment:** | to Motion for Protective Order | |
| 1/24/2023 | Opposition to Motion Filed | LIDA FITZPATRICK |

16 of 32

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                      08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| **Comment:** | to Defendants ExParte application for an order shortening time to hear Defendant Barstow Towing INc's Motion for protective order filed by Plaintiff Lida Fitzpatrick 1/24/23 | |
| 1/24/2023 | Ex Parte Order Filed | |
| **Comment:** | Shortening Time to Hear Deft Barstow Towing, Inc.'s Motion for Protective Order | |
| 1/24/2023 | Remote Hearing Held Via Court Call | |
| 1/23/2023 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $90.00 paid by Defendant for Ex Parte | |
| 1/23/2023 | Ex Parte Application | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | for an order shortening time to hear Defendant Barstow Towing, Inc's  Motion for protective order filed by All Defendants 1/23/23 | |
| 1/18/2023 | Notice Filed | LIDA FITZPATRICK |
| **Comment:** | of lodging exhibit to to declaration of Jonathan C. Teller, Esq in support of Plaintiffs Motion for protective order re Defendants Second Mental Examination of Plaintiffs (USB) filed by Plaintiff Lida N. Fitzpatrick 1/28/23 | |
| 1/17/2023 | Motion for Protective Order | LIDA FITZPATRICK |
| **Comment:** | filed by plaintiff Lida N. Fitzpatrick | |
| 1/17/2023 | Filing Fee Paid by | LIDA FITZPATRICK |
| **Comment:** | 90.00check paid on 1/19/23 for mtn | |
| 1/12/2023 | Filing Fee Paid by | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | $90.00 check payment for 01/12/23 | |
| 1/12/2023 | Declaration in Support of Motion re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Declaration of Ari Kalechstein Ph.D In Support of Defendant Barstow Towing, Inc.'s Motion for Protective Order filed by Defendants on 01/12/23 | |
| 1/12/2023 | Motion for Protective Order | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Defendant Barstow Towing, Inc.'s Notice of Motion and Motion for Protective Order; Declaration of Federico a Stea. filed by Defendants | |
| 9/19/2022 | Order Filed Re: | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Granting Defendant's Barstow Towing, Inc. and Alicia Dawn Benavidez' Ex Parte Application for Order Continuing Trial and All Related Dates | |
| 9/16/2022 | Ex Parte Application | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | for order continuing trial and all related dates filed by All defendants 09/16/22 | |
| 9/16/2022 | Declaration Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                                                08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|-----------|-----------|----------|
| **Comment:** | of Elizabeth G. Sutlian-Mardikian in support of Defendant's Barstow towing, Inc and Alicia Dawn Benavidez Ex Parte application for order continuing trial and all related dates filed by All defendants 09/16/22 | |
| 9/16/2022 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $90.00 ck paid for ex parte fee | |
| 8/11/2022 | Notice of Ruling Filed | LIDA FITZPATRICK |
| 8/4/2022 | Reply Filed | BARSTOW TOWING, INC |
| **Comment:** | ISO MOTION TO COMPEL PLA FURHTER RESPONSES TO FORM INTERROGATORIES SET TWO | |
| 8/4/2022 | Reply Filed | BARSTOW TOWING, INC |
| **Comment:** | ISO MOTION TO COMPEL PLA FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS | |
| 8/1/2022 | Opposition to Motion Filed | LIDA FITZPATRICK |
| **Comment:** | PLA OPPO TO DEF BARSTOW TOWING, INC.'S MOTION TO COMPEL PLA LIDA FITZPATRICK'S FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO; DELARATION OF JON TELLER IN SUPPORT | |
| 8/1/2022 | Opposition to Motion Filed | LIDA FITZPATRICK |
| **Comment:** | PLA OPPO TO DEF BARSTOW TOWING, INC,'S MOTION TO COMPEL LIDA FITZPATRICK'S FURTHER RESPONSES TO FORM INTERROGATORIES, SET TWO; DECLARATION OF JON TELLER IN SUPPORT | |
| 7/20/2022 | Document is Returned by Court for the Following Reason(s): | LIDA FITZPATRICK |
| **Comment:** | Stipulation and Order Received - Dates Requested on Stipulation Have Passed. | |
| 7/18/2022 | Balance Paid on Case | BARSTOW TOWING, INC |
| 7/18/2022 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $60.00 Check for Motion fees paid on 07/18/22 | |
| 7/15/2022 | New Volume Made. Volume Includes Documents Filed Between | |
| **Comment:** | VOL 1 12/16/20-6/1/22 | |
| 7/15/2022 | Volume Begins on this Date | |
| **Comment:** | VOL 2 7/6/22-PRESENT | |
| 7/13/2022 | Filing Fees Due to the Court on or Before | BARSTOW TOWING, INC |
| 7/13/2022 | Document is Returned by Court for the Following Reason(s): | BARSTOW TOWING, INC |
| **Comment:** | Motion to compel is returned as motion is missing the reservation date. | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                              08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 7/6/2022 | Motion to Compel | BARSTOW TOWING, INC |
| **Comment:** | Defendant Barstow Towing, Inc's notice of motion and motion to compel plaintiff Lida Fitzpatrick's further responses to request for production of documents, set two;Memorandum of points and authorities<br>Filed by defendants Barstow Towing, Inc on complaint filed 3/17/21 | |
| 7/6/2022 | Declaration Filed | BARSTOW TOWING, INC |
| **Comment:** | Declaration of Elizabeth G. Sutlian-Markidian in support of defendant Barstow Towing, Inc's motion to compel plaintiff Lida Fitzpatrick's further responses to request for production of documents, set two<br>Filed by defendants Barstow Towing, Inc on complaint filed 3/17/21 | |
| 7/6/2022 | Filing Fee Paid by | BARSTOW TOWING, INC |
| **Comment:** | $90.00 check paid on 7/13/22 for motion fees | |
| 7/6/2022 | Motion to Compel | BARSTOW TOWING, INC |
| **Comment:** | Defendant Barstow towing, Inc's notice of motion and motion to compel Plaintiff Lida Fitzpatrick's further responses to form interrogatories, set two;Memorandum of points and authorities<br><br>Filed by defendants Barstow Towing, Inc on complaint filed 3/17/21 | |
| 7/6/2022 | Declaration Filed | BARSTOW TOWING, INC |
| **Comment:** | Declaration of Elizabeth G. Sutlian-Mardikian in support of defendant Barstow Towing, Inc.'s motion to compel plaintiff Lida Fitzpatrick further responses to form interogatories, set two<br>Filed by defendants Barstow Towing, Inc on complaint filed 3/17/21 | |
| 7/6/2022 | Balance Due on Case | BARSTOW TOWING, INC |
| **Comment:** | $60.00 | |
| 7/6/2022 | Separate Statement Filed | BARSTOW TOWING, INC |
| **Comment:** | Seperate statement in support of defendant Barstow Towing, Inc's motion to compel plaintiff Lida Fitzpatrick's further responses to requet for production of documents,set two<br>Filed by defendants Barstow Towing, Inc on complaint filed 3/17/21 | |
| 7/6/2022 | Separate Statement Filed | BARSTOW TOWING, INC |
| **Comment:** | Seperate statement in support of defendant Barstow Towing, Inc's motion to compel plaintiff Lida Fitzpatrick's further responses to form interrogatories, set two<br>Filed by defendants Barstow Towing, Inc on complaint filed 3/17/21 | |
| 6/1/2022 | Remote Hearing Held Via Court Call | |
| 6/1/2022 | Remote Hearing Held Via Court Call | |
| 6/1/2022 | Correspondence Coversheet Generated to Mail: | Wilshire Law Firm, Adelson McLean APC |

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                     08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| **Comment:** | Copy of 6/1/22 Ruling on Submitted Matters | |
| 6/1/2022 | Remote Hearing Held Via Court Call | |
| 6/1/2022 | Correspondence Coversheet Generated to Mail: | Wilshire Law Firm, Adelson McLean APC |
| **Comment:** | Copy of 6/1/22 Ruling on Submitted Matters | |
| 5/27/2022 | Order Filed Re: | |
| **Comment:** | granting stipulation to consolidate motion hearings to June 1, 2022 at 8:30 am | |
| 5/27/2022 | Stipulation Filed re: | |
| **Comment:** | consolidate motion hearings to June 1, 2022 at 8:30 am | |
| 5/26/2022 | Filing Fee Paid by | LIDA FITZPATRICK |
| **Comment:** | $20.00 ck paid on 5/26/22 for stip fee | |
| 5/25/2022 | Filing Fee Paid by | LIDA FITZPATRICK |
| **Comment:** | $90 for Motion and Court Reporter fee | |
| 5/24/2022 | Reply Filed | LIDA FITZPATRICK |
| **Comment:** | to defendant's opposition to plaintiffs motion for protective order filed by Defendants Plaintiff LIda N Fitzpatrick 5/24/22 | |
| 5/23/2022 | Reply Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | in support of motion to continue trial and all related dates filed by All defendants 5/23/22 | |
| 5/23/2022 | Reply Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | in supoprt of motion to compel mental examination of plaintiff Lida N Fitzpatrick field by All defendants 5/23/22 | |
| 5/18/2022 | Opposition to Motion Filed | LIDA FITZPATRICK |
| **Comment:** | to compel the mental examination of plaintff and for trial continuances filed by Plaintiff Lida N. Fitzpatrick 5/18/22 | |
| 5/18/2022 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | to motion for protective order file by Plaintiff Lida  Fitzpatrick filed by All Defendants 5/18/22 | |
| 5/18/2022 | Declaration Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | of Elizabeth G. Sutlian-Mardikian in support of defendants opposition to motion for protective order file by Plaintiff Lida  Fitzpatrick filed by All Defendants 5/18/22 | |
| 5/18/2022 | Declaration Filed | LIDA FITZPATRICK |
| **Comment:** | of Hazel Chang, ESQ in support of plaintiff's opposition to defendants motions to compel palintiff's mental examination and for a trial continuance filed by Plaintiff Lida N. Fitzpatrick 5/18/22 | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 5/3/2022 | Declaration re: | LIDA FITZPATRICK |
| **Comment:** | Declaration of Richard Frederick, PH.D ISO PLA Motion for Protective Order. | |
| 5/3/2022 | Motion re: | LIDA FITZPATRICK |
| **Comment:** | PLA Notice of Motion and Motion for Protective Order re: 2032.020 Mental Examination. Filed by PLA Fitzpatrick on 05/03/22. | |
| 5/3/2022 | Declaration re: | LIDA FITZPATRICK |
| **Comment:** | Declaration of Hazel Chang, Esq ISO PLA Motion for Protective Order. | |
| 4/29/2022 | Motion to Continue Trial | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Notice of Motion and Motion for Order Continue Trial and all Related Dates filed by defendants on amended complaint filed 03/17/2021 | |
| 4/29/2022 | Declaration Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Declaration of Elizabeth G Sutlian-Mardikian in Support of Motion for Order Continuing Trial and all Related Dates filed by defendants on complaint | |
| 4/29/2022 | Declaration Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Declaration of Elizabeth G Sultan-Mardikian in Support of Defendants' Motion for Order Compelling the Mental Examination of Plaintiff Lida G Fitzpatrick filed by defendants on complaint | |
| 4/29/2022 | Motion to Compel | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | Notice of Motion and Motion for Order Compelling Mental Examination of Plaintiff Lida N Fitzpatrick filed by defendants on amended complaint filed 03/17/2021 | |
| 2/14/2022 | Opposition to Motion Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | OPPOSITION OF DEFENDANTS BARSTOW TOWING, INC, AND ALICIA DAWN BENAVIDEZ TO THE EX PARTE APPLICATION FOR TRIAL PREFERENCE FILED BY PLAINTIFF LIDA FITZPATRICK; DECLARATION OF ELIZABETH G. SUTLIAN-MARDIKIAN | |
| 2/14/2022 | Notice Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiff's Notice of continued hearing | |
| 2/10/2022 | Filing Fee Paid by | LIDA FITZPATRICK |
| **Comment:** | $90.00 Check for Ex Parte fees paid on 02/10/2022 | |
| 2/10/2022 | Ex Parte Application | LIDA FITZPATRICK |
| **Comment:** | for trial preference or order shortening time on noticed motion filed by Plaintiff Lida N. Fitzpatrick 2/10/22 | |
| 8/18/2021 | Notice Filed | LIDA FITZPATRICK |
| **Comment:** | re: Posting Jury fees filed by Plaintiff Lida N Fitzpatrick | |

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                                      08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
| --- | --- | --- |
| 8/17/2021 | Advanced Jury Fees Posted | LIDA FITZPATRICK |
| 8/17/2021 | Filing Fee Paid by | LIDA FITZPATRICK |
| **Comment:** | $150.00 check paid on 8/17/21 for advanced jury fees | |
| 8/16/2021 | Remote hearing held | |
| **Comment:** | Remote hearing held pursuant to Judicial Council Emergency Rule of Court 3(a)(3). | |
| 8/3/2021 | Document is Returned by Court for the Following Reason(s): | LIDA FITZPATRICK |
| **Comment:** | Notice of posting jury fees is returned as the check provided is no longer valid | |
| 8/2/2021 | Initial Trial Setting Conference Statement Filed | LIDA FITZPATRICK |
| **Comment:** | by Plaintiff Lida N. Fitzpatrick on 1st Amended Complaint filed 3/17/2021 | |
| 7/30/2021 | At-Issue Memorandum Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | filed by Defendants Barstow Towing Inc. & Alicia Dawn Benavides | |
| 5/17/2021 | Correspondence Coversheet Generated to Mail: | Wilshire Law Firm, Adelson McLean APC |
| **Comment:** | Minute Order; ITSC Order | |
| 5/17/2021 | Initial Trial Setting Conference Order Signed and Filed | |
| 5/3/2021 | Initial Trial Setting Conference Statement Filed | LIDA FITZPATRICK |
| 4/30/2021 | Initial Trial Setting Conference Statement Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| 4/29/2021 | Notice Filed | LIDA FITZPATRICK |
| **Comment:** | Plaintiff's notice of posting jury fees | |
| 4/29/2021 | Case Management Conference Statement Filed | LIDA FITZPATRICK |
| 4/16/2021 | Answer Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| 4/16/2021 | Demand for Jury Trial Filed | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| 4/16/2021 | Notice of Advanced Jury Fees Posted Filed | BARSTOW TOWING, INC |
| 4/16/2021 | Filing Fee Paid by | BARSTOW TOWING, INC, ALICIA BENAVIDEZ |
| **Comment:** | $1020 check paid on 4/22/21 for 1st appearance and adv jury fees | |

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

*Case Summary (CIVSB2029064)*                                    08/20/2024 09:55:35

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 3/23/2021 | Document is Returned by Court for the Following Reason(s): | Wilshire Law Firm |
| 3/18/2021 | Proof of Sub-Service Filed. As to: | LIDA FITZPATRICK |
| 3/17/2021 | Amended Complaint Filed | LIDA FITZPATRICK |
| **Comment:** | 1st Amended Complaint | |
| 2/23/2021 | Proof of Service of Summons and Comp/Pet Filed | LIDA FITZPATRICK |
| **Comment:** | PROOF OF SERVICE OF SUMMONS | |
| 2/22/2021 | Proof of Sub-Service Filed. As to: | LIDA FITZPATRICK |
| 2/2/2021 | Filing Fee Paid by | LIDA FITZPATRICK |
| **Comment:** | 435$ PAID BY PLA | |
| 12/16/2020 | Certificate of Assignment Received | LIDA FITZPATRICK |
| 12/16/2020 | Civil Case Cover Sheet Filed | |
| 12/16/2020 | Notice of Hearing Sent | |
| 12/16/2020 | Jurisdiction Verified | |
| **Comment:** | BARSTOW, CA 92312 | |
| 12/16/2020 | Complaint Filed | LIDA FITZPATRICK |
| 12/16/2020 | Summons Issued and Filed | LIDA FITZPATRICK |

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department S30 - SBJC | Hill, Charlie L, Jr. | | Hearing re: Bankruptcy Review - Predisposition: Status of Appeal | 11/13/2024 | 8:30AM | |
| Department S30 - SBJC | Hill, Charlie L, Jr. | | ORAP -- Examination of Judgment Debtor | 5/14/2024 | 8:30AM | Continued Party's motion |
| Department S30 - SBJC | Hill, Charlie L, Jr. | | ORAP -- Examination of Judgment Debtor: As to Barstow Towing Inc. | 3/28/2024 | 8:30AM | Continued Party's motion |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

*Case Summary (CIVSB2029064)*                                    08/20/2024 09:55:35

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department S30 - SBJC | Hill, Charlie L, Jr. | | Other Postdisposition Hearing: The Court's receipt of Defendants' objection | 1/3/2024 | 1:30PM | Not Held |
| Department S30 - SBJC | McCarville, Brian S | | Postdisposition Motion re:: Notice of Motion and Motion to Tax Costs, filed by defendants Barstow Towing, Inc., etal filed 9/5/23 | 11/16/2023 | 8:30AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Motion for a New Trial - Postdisposition | 10/2/2023 | 8:30AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (Deliberations) | 7/24/2023 | 10:00AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/20/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/19/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/18/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/17/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/14/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/13/2023 | 10:00AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/12/2023 | 10:00AM | Continued Court's motion |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/11/2023 | 10:00AM | Continued Court's motion: trial |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                        08/20/2024 09:55:35

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/10/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/6/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/5/2023 | 9:30AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 7/3/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 6/29/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress): (Day 9) | 6/28/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress): (Day 8) | 6/27/2023 | 10:00AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress): (Day 7) | 6/26/2023 | 10:00AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 6/22/2023 | 10:00AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress): (Day 5) | 6/21/2023 | 10:00AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 6/20/2023 | 10:00AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Hearing Re:: Conference between Counsel and the Court regarding any issues regarding pending depositions and exhibits | 6/8/2023 | 10:00AM | Not Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 6/7/2023 | 10:00AM | Continued Court's motion: trial |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

*Case Summary (CIVSB2029064)*                                         08/20/2024 09:55:35

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial (In Progress) | 6/6/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial | 6/5/2023 | 10:00AM | Continued Court's motion: trial |
| Department S30 - SBJC | McCarville, Brian S | | Trial Readiness Conference | 6/1/2023 | 8:30AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Jury Trial: TE: 10-14 Days | 3/20/2023 | 10:00AM | |
| Department S30 - SBJC | McCarville, Brian S | | Trial Readiness Conference | 3/16/2023 | 8:30AM | Continued Party's motion |
| Department S30 - SBJC | McCarville, Brian S | | Motion for Protective Order: Motion for protective order filed by plaintiff Lida N. Fitzpatrick on 1/17/23 | 3/9/2023 | 8:30AM | Not Held |
| Department S30 - SBJC | McCarville, Brian S | | Motion for Protective Order | 2/10/2023 | 8:30AM | Held |
| Department S30 - SBJC | McCarville, Brian S | | Motion for Protective Order: Motion to protective order filed by defendants Barstow Towing Inc. and Alicia Dawn Benavides | 2/9/2023 | 8:30AM | Continued Court's motion |
| Department S30 - SBJC | McCarville, Brian S | | Motion for Protective Order: filed by Defendants Barstow Towing, Inc. and Alicia Dawn Benavidez on 01/12/23 | 2/8/2023 | 8:30AM | Continued Court's motion |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department S31 - SBJC | Pacheco, John M | | Ex Parte Hearing - Predisposition: for an order shortening time to hear Defendant Barstow Towing, Inc's Motion for protective order filed by All Defendants 1/23/23 | 1/24/2023 | 8:30AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Jury Trial | 10/24/2022 | 10:00AM | |
| Department S31 - SBJC | Pacheco, John M | | Trial Readiness Conference | 10/20/2022 | 8:30AM | |
| Department S31 - SBJC | Pacheco, John M | | Ex Parte Hearing - Predisposition: for order continuing trial and all related dates filed by All defendants 09/16/22 | 9/19/2022 | 8:30AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Predisposition Motion re:: Defendant Barstow Towing, Inc's notice of motion and motion to compel plaintiff Lida Fitzpatrick's further responses to request for production of documents, set two;Memorandum of points and authoritiesFiled by defendants Barstow Towing, Inc on complaint filed 3/17/21 | 8/11/2022 | 8:30AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Jury Trial | 7/18/2022 | 10:00AM | |
| Department S31 - SBJC | Pacheco, John M | | Trial Readiness Conference | 7/14/2022 | 9:00AM | |

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department S31 - SBJC | Pacheco, John M | | Motion to Compel: Motion for Order Compelling Mental Examination of Plaintiff filed by defendants on 4/29/22 | 6/1/2022 | 8:30AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Motion to Continue Trial: Notice of Motion to Continue Trial filed by defendants on 04/29/22 | 6/1/2022 | 8:30AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Predisposition Motion re:: PLA Notice of Motion and Motion for Protective Order re: 2032.020 Mental Examination. Filed by PLA Fitzpatrick on 05/03/22. | 6/1/2022 | 8:30AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Ex Parte Hearing - Predisposition: for trial preference or order shortening time on noticed motion filed by Plaintiff Lida N. Fitzpatrick 2/10/22 | 2/15/2022 | 9:00AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Further Trial Setting Conference | 8/16/2021 | 9:00AM | Held |
| Department S31 - SBJC | Pacheco, John M | | Trial Setting Conference | 5/17/2021 | 9:00AM | Not Held |

## Charges Disposition & PLEAS

| Count | Date | Details | Citation # | Jurisdiction |
|---|---|---|---|---|
| | | | | |
| | Plea: | - | | |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                      08/20/2024 09:55:35

## Financial Transactions

| Total | $3,018.00 | Total Balance: | ($11,484.96) |
|-------|-----------|----------------|--------------|
| Date | Charges | Payments | Credits |
| 1/12/2023 | $90.00 | $0.00 | $0.00 |
| 1/12/2023 | $0.00 | $90.00 | $0.00 |
| 1/19/2023 | $90.00 | $0.00 | $0.00 |
| 1/19/2023 | $0.00 | $90.00 | $0.00 |
| 1/23/2023 | $90.00 | $0.00 | $0.00 |
| 1/23/2023 | $0.00 | $90.00 | $0.00 |
| 1/30/2023 | $47.00 | $0.00 | $0.00 |
| 1/30/2023 | $0.00 | $47.00 | $0.00 |
| 11/28/2023 | $0.00 | $100.00 | $0.00 |
| 12/13/2023 | $60.00 | $0.00 | $0.00 |
| 12/13/2023 | $0.00 | $60.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/14/2023 | $0.00 | $0.00 | $0.00 |
| 12/18/2023 | $0.00 | $3,848.80 | $0.00 |
| 12/18/2023 | $50.00 | $0.00 | $0.00 |
| 12/18/2023 | $0.00 | $50.00 | $0.00 |
| 2/10/2022 | $90.00 | $0.00 | $0.00 |
| 2/10/2022 | $0.00 | $90.00 | $0.00 |
| 2/2/2021 | $435.00 | $0.00 | $0.00 |
| 2/2/2021 | $0.00 | $435.00 | $0.00 |
| 2/28/2024 | $20.00 | $0.00 | $0.00 |
| 2/28/2024 | $0.00 | $20.00 | $0.00 |
| 3/6/2023 | $60.00 | $0.00 | $0.00 |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                      08/20/2024 09:55:35

| Date | Charges | Payments | Credits |
|---|---|---|---|
| 3/6/2023 | $0.00 | $60.00 | $0.00 |
| 4/22/2021 | $150.00 | $0.00 | $0.00 |
| 4/22/2021 | $435.00 | $0.00 | $0.00 |
| 4/22/2021 | $0.00 | $585.00 | $0.00 |
| 4/22/2021 | $435.00 | $0.00 | $0.00 |
| 4/22/2021 | $0.00 | $435.00 | $0.00 |
| 4/25/2024 | $0.00 | $100.00 | $0.00 |
| 4/25/2024 | $8.00 | $0.00 | $0.00 |
| 4/25/2024 | $0.00 | $8.00 | $0.00 |
| 5/25/2022 | $90.00 | $0.00 | $0.00 |
| 5/25/2022 | $0.00 | $90.00 | $0.00 |
| 5/25/2023 | $12.00 | $0.00 | $0.00 |
| 5/25/2023 | $0.00 | $12.00 | $0.00 |
| 5/25/2023 | $42.00 | $0.00 | $0.00 |
| 5/25/2023 | $0.00 | $42.00 | $0.00 |
| 5/25/2023 | $50.00 | $0.00 | $0.00 |
| 5/25/2023 | $0.00 | $50.00 | $0.00 |
| 5/25/2023 | $42.00 | $0.00 | $0.00 |
| 5/25/2023 | $0.00 | $42.00 | $0.00 |
| 5/25/2023 | $40.00 | $0.00 | $0.00 |
| 5/25/2023 | $0.00 | $40.00 | $0.00 |
| 5/25/2023 | $62.00 | $0.00 | $0.00 |
| 5/25/2023 | $0.00 | $62.00 | $0.00 |
| 5/26/2022 | $20.00 | $0.00 | $0.00 |
| 5/26/2022 | $0.00 | $20.00 | $0.00 |
| 6/11/2024 | $0.00 | $0.00 | $0.00 |
| 6/11/2024 | $0.00 | $0.00 | $0.00 |
| 6/11/2024 | $0.00 | $0.00 | $0.00 |
| 6/11/2024 | $0.00 | $0.00 | $0.00 |
| 6/26/2023 | $0.00 | $151.28 | $0.00 |
| 6/26/2023 | $0.00 | $1,000.00 | $0.00 |

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                        08/20/2024 09:55:35

| Date | Charges | Payments | Credits |
|------|---------|----------|---------|
| 6/7/2022 | $90.00 | $0.00 | $0.00 |
| 6/7/2022 | $0.00 | $90.00 | $0.00 |
| 7/10/2023 | $0.00 | $1,000.00 | $0.00 |
| 7/10/2023 | $0.00 | $98.80 | $0.00 |
| 7/13/2022 | $90.00 | $0.00 | $0.00 |
| 7/13/2022 | $0.00 | $90.00 | $0.00 |
| 7/15/2022 | $60.00 | $0.00 | $0.00 |
| 7/18/2022 | $0.00 | $60.00 | $0.00 |
| 7/19/2023 | $0.00 | $734.00 | $0.00 |
| 7/24/2023 | $0.00 | $587.20 | $0.00 |
| 7/25/2023 | $0.00 | $3,718.08 | $0.00 |
| 7/26/2023 | $0.00 | $146.80 | $0.00 |
| 7/3/2024 | $0.00 | $0.00 | $0.00 |
| 7/30/2021 | $150.00 | $0.00 | $0.00 |
| 7/30/2021 | $0.00 | $150.00 | $0.00 |
| 7/30/2021 | $0.00 | ($150.00) | $0.00 |
| 7/30/2021 | ($150.00) | $0.00 | $0.00 |
| 8/17/2021 | $150.00 | $0.00 | $0.00 |
| 8/17/2021 | $0.00 | $150.00 | $0.00 |
| 8/29/2023 | $60.00 | $0.00 | $0.00 |
| 8/29/2023 | $0.00 | $60.00 | $0.00 |
| 8/3/2021 | $150.00 | $0.00 | $0.00 |
| 8/3/2021 | ($150.00) | $0.00 | $0.00 |
| 9/16/2022 | $90.00 | $0.00 | $0.00 |
| 9/16/2022 | $0.00 | $90.00 | $0.00 |
| 9/5/2023 | $60.00 | $0.00 | $0.00 |
| 9/5/2023 | $0.00 | $60.00 | $0.00 |
| **Total** | **$3,018.00** | **$14,502.96** | **$0.00** |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVSB2029064)**                                    08/20/2024 09:55:35

## Bonds

| Type | Description | Posted Date | Set Date | Amount |
|------|-------------|-------------|----------|--------|
|      |             |             |          |        |

## Related Cases

| Case Number | Case Type | Case SubType | Description | Comments |
|-------------|-----------|--------------|-------------|----------|
|             |           |              |             |          |

**EXHIBIT A**

**DOCKET: CALIFORNIA COURT OF APPEALS PROCEEDING**

# Appellate Courts Case Information

## 4th Appellate District Division 2

Change court ⌄

## Docket (Register of Actions)

**Lida Fitzpatrick v. Barstow Towing, Inc. et al.**

**Case Number E082513**

| Date | Description | Notes |
|------|-------------|-------|
| 11/03/2023 | Notice of appeal lodged/received. | dtd Nov 1, 2023; Barstow Towing, Inc. and Alicia Benavidez |
| 11/06/2023 | Default notice sent-appellant notified per rule 8.100(c). | |
| 11/17/2023 | Notice per rule 8.124 - with reporter's transcript. | dtd Nov 13, 2023 |
| 11/17/2023 | Notice per rule 8.124 - with reporter's transcript. | Amended dtd Nov 16, 2023 |
| 11/17/2023 | Returned document for non-conformance. | CCIS: lacks copy of order/judgment |
| 11/17/2023 | Civil case information statement filed. | |
| 11/17/2023 | To court. | CCIS & appeal |
| 11/20/2023 | Filing fee. | Appellants |
| 12/12/2023 | Settlement notice sent. | |
| 12/18/2023 | Association of attorneys filed for: | Locke Lord LLP for appellant |
| 12/21/2023 | Notice to reporter to prepare transcript. | dtd Dec 21, 2023 |
| 12/27/2023 | Appellant's SCIF received. | |
| 12/28/2023 | Email sent to: | Respondent's counsel RE: SCIF due yesterday (attached another copy of notice and accompanying SCIF for completion and return by the end of business today). |
| 12/29/2023 | Email sent to: | Respondent's counsel (second e-mail) RE: SCIF due Dec 27, 2023. |
| 12/29/2023 | Respondent's SCIF received. | |
| 01/30/2024 | Stay order filed. | This appeal is accepted for an IN-HOUSE S/C. Parties are DIRECTED to serve and file a S/C Statement w/i 15 days of the date of this order. All proceedings in the appeal, except filing of the record, but including the filing of any briefs, are STAYED pending IN-HOUSE S/C and further court order. |

| | | |
|---|---|---|
| 01/30/2024 | Settlement conference accepted. Calendar notice sent. | |
| 02/13/2024 | Respondent 's notice designating record on appeal filed in trial court on: | Nov 22, 2023 |
| 02/13/2024 | Filed document entitled: | Agreed Motion to Continue March 7, 2024, Settlement Conference |
| 02/14/2024 | Email sent to: | Mediator |
| 02/14/2024 | Order filed. | The court has considered the Agreed Motion to Continue March 7, 2024, Settlement Conference submitted by the parties and filed on Feb 13, 2024. The motion is GRANTED. Appellant's counsel is DIRECTED to serve and file, on or before Mar 19, 2024, a letter w/ this court's S/C Administrator advising the court of the outcome of said private mediation scheduled for Mar 14, 2024. The stay of this appeal filed Jan 30, 2024, shall REMAIN in full force and effect until further order of this court. |
| 03/15/2024 | Reporter's transcript filed. | R-22 (3520) |
| 03/15/2024 | Record on appeal filed. | ***ALL PROCEEDINGS STAYED, EXCEPT FILING OF RECORD, PENDING IN-HOUSE S/C AND FURTHER COURT ORDER.*** |
| 03/19/2024 | Filed: | Status letter from Appellants' counsel |
| 03/19/2024 | Email received from: | Appellants' counsel |
| 03/20/2024 | Email sent to: | All counsel of record |
| 03/20/2024 | Certificate of county clerk filed. | Dtd Mar 20, 2024; Reporter's transcripts were initially dispatched solely to the respondent and the documentation was not promptly sent to the appellant. To address this issue, a revised set of reporter's transcripts has now been dispatched on Mar 20, 2024. |
| 03/20/2024 | Email received from: | Appellants' counsel |
| 03/25/2024 | Email received from: | Appellant's counsel |
| 03/29/2024 | Email received from: | Appellant's counsel |
| 04/12/2024 | Email received from: | Appellant |
| 04/12/2024 | Email sent to: | Appellant's counsel |
| 04/16/2024 | Email received from: | Appellant's counsel |
| 04/16/2024 | Email sent to: | Appellant's counsel (cc'd opposing counsel) advising stay of appeal filed Jan 30, 2024, would be lifted and the matter set for briefing. |
| 04/19/2024 | Settlement not pos., appellant noticed to file AOB. | Settlement not possible. Stay filed Jan 30, 2024, dissolved and matter set for briefing. |
| 05/22/2024 | Stipulation of extension of time filed: | Appellant's opening brief. Due on 07/29/2024  By 61 Day(s) |
| 05/22/2024 | Order filed. | An extension was granted pursuant to stipulation. Appellants are notified of no further extensions. |
| 07/19/2024 | Requested - extension of time | Appellant's opening brief. Requested for 09/20/2024  By 53 Day(s) |
| 07/26/2024 | Granted - extension of time. | Appellant's opening brief. Due on 09/20/2024  By 53 Day(s)<br><br>w/no further extensions |

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use  |      © 2024 Judicial Council of California
Privacy

# EXHIBIT B

# ASSIGNMENT AGREEMENT

This Assignment Agreement (the "Agreement") is made by and between, Lida Fitzpatrick and Alicia Dawn Benavidez (collectively as the "Parties".)

## RECITALS

1. On May 25, 2019, Lida Fitzpatrick ("Fitzpatrick") suffered serious injuries as a result of a motor vehicle collision caused by Alicia Dawn Benavidez ("Benavidez"), who was acting within the course and scope of her employment with Barstow Towing, Inc. ("Barstow Towing")

2. At the time of the motor vehicle collision, Barstow Towing was insured under an auto insurance liability policy issued by AmGUARD Insurance Company ("CARRIER"), policy number K2GP005767, for a policy limits of $1,000,000.00. (hereinafter the "Policy"). The Policy explicitly extended to Benavidez and covered her conduct at the time of the collision.

3. On December 11, 2020, Fitzpatrick sent CARRIER an offer to settle her claim against Barstow Towing and Benavidez for the available insurance policy limits of $1,000,000.00. CARRIER was given until December 30, 2020 (21 days) to accept the demand. CARRIER did not accept the offer.

4. On December 16, 2020, Fitzpatrick filed a complaint for damages against Benavidez for motor vehicle negligence. The complaint was filed in the Superior Court for the State of California for the County of San Bernardino, Case No. CIVSB2029064 ("Underlying Lawsuit").

5. On May 25, 2021, Fitzpatrick issued another policy limits demand, as well as made an offer to settle pursuant to California Code of Civil Procedure (CCP) section 998, for $1,000,000.00. CARRIER/Barstow Towing, on behalf of Benavidez, requested a nearly 65-day extension in order to gather necessary information to fully evaluate Fitzpatrick's 998 Offer. Ultimately, CARRIER chose to reject the settlement opportunity, putting Benavidez at risk of facing an excess judgement.

6. Since Fitzpatrick issued the policy limits demand and corresponding CCP Section 998 Offer, no offers were made by Barstow Towing or Benavidez until March 10, 2023, almost two (2) years after Plaintiff's CCP Section 998 for the policy limits had expired. When Barstow Towing/Benavidez finally did make an offer, it did so through a CCP Section 998 Offer for $500,000.01, an amount far less than the policy limits despite having conducted significant discovery and being within three (3) months of trial. That offer was not accepted by Fitzpatrick. Barstow Towing/Benavidez, through CARRIER, waited until less than one (1) month before trial and after numerous medical treater and expert witness discovery and depositions had been conducted, to offer the Policy limits. Fitzpatrick rejected this offer.



The signed document can be validated at https://app.vinesign.com/Verify

7.      On June 5, 2023, trial commenced against Barstow Towing and Benavidez. CARRIER (through Barstow Towing and Benavidez) contested and disputed the nature and extent of Fitzpatrick's injuries as well as the reasonableness and necessity of the medical care Fitzpatrick required for the remainder of her life. CARRIER (through Barstow Towing and Benavidez) **did not** contest liability at trial. CARRIER (through Barstow Towing and Benavidez) presented multiple retained medical experts in support of their defenses.

8.      Despite admitting liability, CARRIER (through Barstow Towing and Benavidez) insisted on calling Benavidez to the stand during its case-in-chief. Prior to Benavidez taking the stand, counsel for Fitzpatrick offered to dismiss Benavidez. That offer was rejected and Benavidez was put on the stand, and subjected to damaging cross-examination.

9.      On July 24, 2023, the jury returned a verdict in favor of Fitzpatrick and against Barstow Towing and Benavidez in the amount of $11,000,000.

10.      On July 31, 2023, judgment was entered in favor of Fitzpatrick and against Barstow Towing and Benavidez.

11.      On August 18, 2023, Fitzpatrick served her Memorandum of Costs, including 998 costs and interests, in the amount of $3,269,777.32, bringing the total judgment to $14,269,777.32, excluding post-trial interest.

12.      CARRIER had an opportunity to protect Benavidez from an excess judgment including CCP Section 998 interests and costs, yet chose not to. Because CARRIER chose not to protect Benavidez, Benavidez is facing a judgment against her for millions of dollars. Benavidez seeks to protect herself from liability beyond the Policy and to protect herself and her assets from execution regarding the judgment.

13.      The Parties contend that CARRIER chose to reject the December 11, 2020 policy limits demand, the May 25, 2021 policy limits demand and the May 25, 2021 CCP Section 998 Offer for the policy limits, and failed to accept Fitzpatrick's offer to dismiss Benavidez during trial thereby subjecting Benavidez to the risk of an excess judgment, interest and costs, pursuant to CCP Section 998. Further, the Parties contend that the CARRIER's decision to reject the policy limits demands and the CCP Section 998 Offer, and failure to accept the offer to dismiss Benavidez, breached CARRIER's obligations to Benavidez under the Policy, including, without limitation, the implied covenant of good faith and fair dealing to accept reasonable settlement offers within policy limits in order to avoid the risk of exposing their insured to personal liability in excess of policy limits.

14.      NOW, THEREFORE, IN CONSIDERATION of the mutual covenants and promises contained in this Agreement, the sufficiency of which consideration is acknowledged, the Parties understand, acknowledge, and agree that it is in the mutual best interests of the Parties to enter into this Agreement, as follows:

## AGREEMENT

15.    Benavidez hereby assigns, transfers, conveys, relinquishes and grants to Fitzpatrick any and all assignable rights, claims, interests, and causes of action that Benavidez may now have or hereafter acquires against CARRIER, its agents, employees, successors, assigns, subsidiaries, related entities, or others based on, arising from, or related to CARRIER's failure to settle, failure to investigate, and/or failure to indemnify Benavidez in the Underlying Lawsuit as set forth above, except any rights, claims, or interests for emotional distress or punitive damages against CARRIER based on said acts, which rights, claims, or interests are otherwise not assignable, and which will remain with Benavidez (the "assigned CARRIER claims"). Benavidez does not assign any rights, claims, or interests against CARRIER that are non-assignable under California law, such as claims for emotional distress or punitive damages (the "non-assigned CARRIER claims").

16.    Fitzpatrick covenants, promises, and agrees that, she will not, nor shall anyone on her behalf, levy an execution against Benavidez, and will not attempt to collect any judgment in the Underlying Lawsuit from Benavidez personally during and after the pendency of the action by Fitzpatrick and Benavidez against CARRIER for bad faith and against MVPF Law, formerly ADELSON McLEAN, APC, ("MVPF Law"), for legal malpractice.

17.    Benavidez agrees to diligently prosecute h e r non-assignable CARRIER claims against CARRIER, its agents, employees, successors, assigns, subsidiaries, related entities, or others based on, arising from, or related to CARRIER's failure to defend, failure to settle, and/or failure to indemnify Benavidez in the Underlying Lawsuit. As additional consideration for such diligence and cooperation, Fitzpatrick and Benavidez have agreed that Benavidez shall receive 1% of the net proceeds up to a maximum of $50,000. "Net proceeds" means the sum remaining after the attorney fees and expenses have been paid from "all sums recovered" from both the Bad Faith Action and the Legal Malpractice Action as hereinafter defined that Fitzpatrick would net.

18.    Benavidez agrees to diligently prosecute her non-assigned CARRIER claims that Benavidez may now have or hereafter acquire against MVPF Law, its agents, employees, successors, assigns, subsidiaries, related entities, or others based on, arising from, or related to MVPF Law's professional negligence in the Underlying Lawsuit as set forth above (the "non-assigned Malpractice claims"). The proceeds of any net recovery resulting from prosecuting the non-assigned Malpractice claims shall be shared between Fitzpatrick and Benavidez as set forth in this Agreement.

19.    In consideration for Fitzpatrick not enforcing the judgment in the Underlying Lawsuit against any real or personal property of Benavidez during and after the pendency of the action by Fitzpatrick and Benavidez against CARRIER and MVPF Law for bad faith and/or legal malpractice, Benavidez assigns to Fitzpatrick her assigned CARRIER claims, and further agrees to diligently prosecute her non-assignable CARRIER claims and non-assigned Malpractice claims, as set forth above. In the event Benavidez attempts to enforce any non-assigned rights, claims, or interests against CARRIER, or any other potential defendant, Benavidez agrees to diligently prosecute her non-assigned rights, claims or interests against CARRIER and other potential defendants in a joined action against with Fitzpatrick, and with the action brought by

Fitzpatrick. Benavidez understands and acknowledges that any attempt by Benavidez to enforce the non-assigned CARRIER claims in an action separate from Fitzpatrick's action would constitute an improper "splitting" of a cause of action as held in the California Court of Appeals decision of *Purcell v. Colonial Insurance Company* (1971) 20 Cal. App.3d 807 and *Cain v. State Farm Mutual Automobile Insurance Company* (1975) 47 Cal.App.3d 783, and that to seek enforcement of any non-assigned rights or claims of interest against CARRIER in a separate action is materially adverse to Fitzpatrick. Accordingly, Fitzpatrick and Benavidez also agree to waive any conflict of interest between them with respect to the diligent prosecution of their respective claims against CARRIER and other potential defendants in the joint action for both the assigned and non-assigned claims. Benavidez agrees to assign to Fitzpatrick all of the net proceeds received in prosecuting the unassigned claims against CARRIER and any potential additional defendants.

20.     To carry out the intent of the Parties and the purpose of this Agreement, Benavidez will do each and all of the following, to the extent that she is capable.

        a.     Provide Fitzpatrick, upon request, with any and all documents, documentation, and correspondence by and between Benavidez, on the one hand, and CARRIER, on the other hand, relating to the Underlying Lawsuit;

        b.     Provide Fitzpatrick, upon request, with any and all available documents or documentation, if any, or to execute any additional documentation reasonably necessary for Fitzpatrick to evidence, establish, or enforce the rights assigned by Benavidez under this Agreement;

        c.     To cooperate fully and as reasonably necessary in any action or proceeding to enforce the assigned and non-assigned rights that are the subject of this Agreement; and

        d.     Not to take any actions to defeat the purpose and intent of this Agreement, assignment and/or any claims asserted hereunder.

21.     The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Agreement and that the Parties have the sole right and exclusive authority to execute this Agreement and receive the consideration specified in it; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement other than as set forth in this Agreement.

22.     The Parties acknowledge that Wilshire Law Firm, PLC, Ardalan & Associates, PLC, their assigns and/or co-counsel, or any other law firm of their choosing (collectively hereinafter the "ATTORNEYS"), will prosecute the action against CARRIER arising out of CARRIER's failure to investigate and failure to accept a reasonable settlement offer in the Underlying Lawsuit that was within with the Policy limits ("Bad Faith Action"), and/or an action against MVPF Law arising out of its professional negligence ("Legal Malpractice Action") on behalf of Fitzpatrick and Benavidez, jointly. This will include prosecuting the assigned CARRIER claims, the non-assigned CARRIER claims, and the non-assigned Malpractice claims.

Benavidez makes no assertion or representation of the merits of the assigned CARRIER claims, the non-assigned CARRIER claims and the non-assigned Malpractice claims. The Parties knowingly and voluntarily consent to such representation by the ATTORNEYS and expressly acknowledge that they have been advised of the right to seek independent counsel in connection with the advisability of waiving any and all conflict of interests, if any, and that they have had a reasonable opportunity to do so prior to signing this Agreement.

23.    The Parties agree that Fitzpatrick, as the judgment creditor, shall have the exclusive authority to negotiate and settle in the Bad Faith Action and/or Legal Malpractice Action.

24.    The Parties understand and agree that the allocation of the recovery of the ultimate net proceeds from the Bad Faith Action and/or Legal Malpractice Action, after deduction of attorney fees and costs and the one percent payment to Benavidez per paragraph 17 above, shall be allocated as follows: the total judgment awarded to Fitzpatrick from the Underlying Lawsuit, including pre- and post-judgment interest and costs, will be satisfied in full or in an amount that Fitzpatrick accepts as full satisfaction if less than the full judgment amount is recovered; in the event the net proceeds from the Bad Faith Action and/or Legal Malpractice Action exceed full satisfaction of the judgment, any excess proceeds will be allocated as follows: 75% to Fitzpatrick and 25% to Benavidez.

25.    The Parties understand and agree that the allocation of the recovery of the ultimate net proceeds after deduction of attorney's fees and costs from the Bad Faith Action and/or Legal Malpractice Action creates a potential conflict of interest between the Parties. The Parties agree that by their respective signatures on this Agreement that they are providing their respective informed written consent as required by Rule 3-310 of the Rules of Professional Conduct of the State Bar of California to this potential conflict and representation in the Bad Faith Action. The Parties, having been given an opportunity to consult with independent counsel concerning the terms of this Agreement, by signing this Agreement below, consent to the distribution of any recovery between the Parties as described herein.

26.    Benavidez agrees that, if ATTORNEYS believe, in their sole discretion, that any further documents are necessary to effectuate this Agreement and the Parties' intent, Benavidez will sign any such documents.

27.    This Agreement is executed voluntarily by the Parties without any duress or undue influence on the part of, or on behalf of, any of them. Fitzpatrick and Benavidez acknowledge that they have been represented by counsel of their own choice or that they have willingly chosen not to be represented by any counsel, and that they have read this Agreement in its entirety.

28.    This Agreement shall bind and inure to the benefit of the respective successors, successor corporations, assigns, legatees, heirs, and personal representatives of each of the Parties hereto. This Agreement shall not be construed against the Party preparing it but shall instead be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party.

29.    The Parties agree that this Agreement may be signed in several counterparts, each of which shall operate as an original against the party signing it. The Parties also agree that

Case 6:24-bk-11988-MH   Doc 50   Filed 08/20/24   Entered 08/20/24 15:44:56   Desc
Main Document    Page 100 of 103

signatures received by fax, DocuSign, VineSign, or scanned email attachment shall operate as originals.

30.    If any provision of this Agreement is found to be invalid or unenforceable, the remaining provisions shall nevertheless be enforced to the full extent permitted by law.

31.    This Agreement is to be performed, interpreted, and enforced by and under the laws of the State of California.

Dated: 5/3/24

Dated: 5/3/24
Alicia Dawn Behavidez

Lida Fitzpatrick

Approved as to form.

**ARDALAN & ASSOCIATES, PLC**

Dated: 05/08/2024

P. CHRISTOPHER ARDALAN

**ROWE MULLEN, LLP**

Dated: 5/3/24

JAMES S. BRASHER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd., 13th Fl., Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __08/20/2024__  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __08/20/2024__ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __08/20/2024__  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Via Overnight Mail
Hon. Mark D. Houle
U.S. Bankruptcy Court, Central District of California
3420 Twelfth St., Ste. 325/Ctrm. 301
Riverside, CA 92501-3819

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| __08/20/2024__ | Sophia Lee | __/s/Sophia Lee__ |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 9                          **F 4001-1.RFS.NONBK.MOTION**

## SERVICE LIST
In re: Barstow Towing, Inc.
Case No. 24-11988-MH

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Martin A Eliopulos on behalf of Debtor Barstow Towing, Inc.
elio@higgslaw.com, begaym@higgslaw.com

Amanda N Ferns on behalf of Creditor LEAF Capital Funding, LLC
aferns@fernslaw.com, mmakalintal@fernslaw.com

Sweeney Kelly on behalf of Creditor Flagstar Financial & Leasing, LLC - kelly@ksgklaw.com

Raffi Khatchadourian on behalf of Creditor WINTRUST SPECIALTY FINANCE, a division of
Beverly Bank & Trust Co., N.A. - raffi@hemar-rousso.com

Raffi Khatchadourian on behalf of Interested Party Courtesy NEF - raffi@hemar-rousso.com

Garry A Masterson on behalf of Creditor CIT BANK A DIVISION OF FIRST CITIZENS
BnkEcf-CA@weltman.com, gmasterson@weltman.com

Kenneth D Peters on behalf of Creditor LEAF Capital Funding, LLC
kpeters@dresslerpeters.com, rmccandless@dresslerpeters.com

Donald W Reid on behalf of Creditor Leonard Purdy
don@donreidlaw.com, 5969661420@filings.docketbird.com

Larry D Simons (TR) - larry@lsimonslaw.com,
c119@ecfcbis.com;nancy@lsimonslaw.com;simonsecf@gmail.com;keila@lsimonslaw.com

United States Trustee (RS) -ustpregion16.rs.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL:**

Stacey Elliott
Tharpe & Howell, LLP
15250 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403

Susan A. Kidwell
Locke Lord LLP
300 Colorado Street, Suite 2100
Austin, TX 78701

**<u>SERVICE LIST – continued</u>**

Jonathan A. Grasso
YVS Law, LLC
11825 West Market Place, Suite 200
Fulton, MD 20759

Jonathan A. Grasso
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401

Counsel to Guard Insurance Companies aka AmGUARD, EastGUARD, NorGUARD and
WestGUARD