Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

James I. Stang (SBN 94435)
jstang@pszjlaw.com
Malhar S. Pagay (SBN 189289)
mpagay@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant*

FOR COURT USE ONLY

**FILED & ENTERED**

**SEP 11 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig      DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

In re:

BARSTOW TOWING, INC.

Debtor(s).

CASE NO.: 24-11988-MH

CHAPTER: 7

### ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362
### (Action in Nonbankruptcy Forum)

DATE: September 10, 2024
TIME: 11:00 am
COURTROOM: 301
PLACE: US Bankruptcy Court – C.D. Cal.
3420 Twelfth Street
Riverside, CA 92501-3819

**MOVANT:** Lida N. Fitzpatrick

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

Name of Nonbankruptcy Action: Lida N. Fitzpatrick v. Barstow Towing, Inc., Alicia Benavidez

Docket number: CIVBS2029064

Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

Superior Court for the State of California, County of San Bernardino

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.NONBK.ORDER**

4874-0492-3863.5 20823.00002

Name of Nonbankruptcy Action:  Lida Fitzpatrick v. Barstow Towing, Inc., et al.

Docket number:  E082513

Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

California Court of Appeal, 4th Appellate District, Division 2

3.   The Motion is granted under 11 U.S.C. § 362(d)(1).

4.   As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a.   ■   Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b.   ☐   Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c.   ☐   Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.   **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a.   ■   Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b.   ☐   Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.   This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7.   ☐   The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8.   ☐   The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.   ☐   This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐   This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

///

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                  Page 2                                     **F 4001-1.RFS.NONBK.ORDER**

4874-0492-3863.5 20823.00002

11. ■    Other (*specify*):

(i) Fitzpatrick is granted relief from the automatic stay to participate in any proceedings (including defending and commencing any appeals) regarding the Benavidez Insurance Claims; (ii) Fitzpatrick is granted relief from the automatic stay to liquidate, collect and receive proceeds of insurance from Carrier on account of the Benavidez Insurance Claims, including, without limitation, authorization for Fitzpatrick to commence proceedings in any court of competent jurisdiction to prosecute the Benavidez Assigned Claims if necessary, authorization for Fitzpatrick and the Carrier to engage in mediation, settlement and other discussions or proceedings regarding the Benavidez Insurance Claims, and to negotiate, resolve, settle and document a resolution between Fitzpatrick and Carrier and/or other third parties in connection with the Benavidez Insurance Claims; (iii) Fitzpatrick is authorized to recover the Benavidez Insurance Claims from Carrier through the Policy, or from any other applicable insurance company or non-debtor third parties; and (iv) Carrier is authorized to resolve the Benavidez Insurance Claims and pay to Fitzpatrick the proceeds of insurance on account of such claims.  For the avoidance of doubt, Fitzpatrick may file a Proof of Claim in this bankruptcy case.  The stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

###

Date: September 11, 2024

Mark Houle
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                         Page 3                                    **F 4001-1.RFS.NONBK.ORDER**

4874-0492-3863.5 20823.00002